IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

| | |
|---|---|
| CLARK PEAR, LLC, | CASE NO. 2023-CA-000111 |
| PLAINTIFF/COUNTERDEFENDANT, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (a)-FEDERAL QUESTION** |
| VS. | |
| MVP, LLC | |
| Individually, | HEARING |
| DEFENDANT(S) | Date:<br>Time:<br>Place: |

1. TO THE CLERK OF THE ABOVE-ENTITLED COURT: PLEASE TAKE NOTICE that Plaintiff is removing this action to Federal Court for the Middle District of Florida.

. Removal is permitted do a 57.105 Letter and Motion which is a form of Counterclaim. Due to a Counterclaim being filed Plaintiff Pear was made a Defendant through a continuing process, which will allow him to qualify as to timeliness.

2. There are numerous federal questions, but the primary one is the Constitutionality of Florida Statute 57.105.

1

3. Plaintiff/Counterdefendant Pear is a victim of Breach Of Contract. Two of his Complaints have been dismissed, and rather than file an Answer, Defendant MVP has filed a third motion to dismiss. This is a case where there are signed and notarized Contracts, which were breached by MVP, so it is unlikely the Complaint of Pear will be dismissed again, but Pear should not be subject to a Judicial determination that could put him at risk of owing the attorneys fees of MVP, because it will diminish his Constitutional access to the Court's guaranteed by the 14th and other Amendments to the United States Constitution, and the Constitution itself.

57.105 Attorney's fee; sanctions for raising unsupported claims or defenses; exceptions; service of motions; damages for delay of litigation.—

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

(2) At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.

1  (3) Notwithstanding subsections (1) and (2), monetary sanctions may not be awarded:

2  (a) Under paragraph (1)(b) if the court determines that the claim or defense was initially
3  presented to the court as a good faith argument for the extension, modification, or reversal of
4  existing law or the establishment of new law, as it applied to the material facts, with a
5  reasonable expectation of success.

6  (b) Under paragraph (1)(a) or paragraph (1)(b) against the losing party's attorney if he or
7  she has acted in good faith, based on the representations of his or her client as to the
8  existence of those material facts.

9  (c) Under paragraph (1)(b) against a represented party.

10  (d) On the court's initiative under subsections (1) and (2) unless sanctions are awarded
11  before a voluntary dismissal or settlement of the claims made by or against the party that is,
12  or whose attorneys are, to be sanctioned.

13  (4) A motion by a party seeking sanctions under this section must be served but may not be
14  filed with or presented to the court unless, within 21 days after service of the motion, the
15  challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or
16  appropriately corrected.

17  (5) In administrative proceedings under chapter 120, an administrative law judge shall
18  award a reasonable attorney's fee and damages to be paid to the prevailing party in equal
19  amounts by the losing party and a losing party's attorney or qualified representative in the
20  same manner and upon the same basis as provided in subsections (1)-(4). Such award shall be
21  a final order subject to judicial review pursuant to s. 120.68. If the losing party is an agency
22  as defined in s. 120.52(1), the award to the prevailing party shall be against and paid by the
23  agency. A voluntary dismissal by a nonprevailing party does not divest the administrative
24  law judge of jurisdiction to make the award described in this subsection.

25  (6) The provisions of this section are supplemental to other sanctions or remedies available
26  under law or under court rules.

27
28

1  (7)  If a contract contains a provision allowing attorney's fees to a party when he or she is
2  required to take any action to enforce the contract, the court may also allow reasonable
3  attorney's fees to the other party when that party prevails in any action, whether as plaintiff
4  or defendant, with respect to the contract. This subsection applies to any contract entered into
5  on or after October 1, 1988.
6  (8)  Attorney fees may not be awarded under this section in proceedings for an injunction
7  for protection pursuant to s. 741.30, s. 784.046, or s. 784.0485, unless the court finds by clear
8  and convincing evidence that the petitioner knowingly made a false statement or allegation in
9  the petition or that the respondent knowingly made a false statement or allegation in an
10 asserted defense, with regard to a material matter as defined in s. 837.011(3).
11 History.—s. 1, ch. 78-275; s. 61, ch. 86-160; ss. 1, 2, ch. 88-160; s. 1, ch. 90-300; s. 316, ch.
12 95-147; s. 4, ch. 99-225; s. 1, ch. 2002-77; s. 9, ch. 2003-94; s. 1, ch. 2010-129; s. 4, ch.
13 2019-167.
14
15 Due to MVP being a Corporation, or LLC, it likely has to have an attorney, But Carlson was
16 sued individually at first.  The suit against was dismissed without opinion, so Plaintiff Pear was
17 forced to play a guessing game as to why the Complaint was dismissed.  Carlson can be added as
18 a Defendant later, if the evidence leads to that. But there is no way that Pear should be subjected
19 to even a risk of owing attorneys fees due to Florida Statute 57.105.  Attorney's for MVP sent an
20 email where attorney's fees are going to be sought of Seventeen Thousand Dollars, ($17,000) so
21 far due to Florida Statute 57.105.
22
23 The lawsuit of Pear is far from frivolous, but 57.105 puts him and the attorney at risk of owing
24 pumped up and juiced up attorneys fees.  Pears suit should not be  withdrawn, or  subject to this
25 form of intimidation. Pear's  attorney even took his case on contingency.
26
27
28

4

The circumstances of this case are also perplexing. The Plaintiff and Defendant were one time friends and coworkers. The Attorney for Defendant is reported to have created the Contract between the Plaintiff and Defendant, but advised Defendant to Breach. And now various parties are now talking about insurance? Very strange.

CONCLUSION

At this point the Complaint is minimal. This may, or may not be justified, but due to the dismissals without opinion, that's where it is. Plaintiff/Counterdefendant Pear LLC believes the Constitutionality of Florida Statute 57.105 should be tested in Federal Court, and this state case should be removed to Federal Court.

Submitted,

DATED: July 6, 2023,

By:. ___/s/ Thomas Neusom___

Attorney For

Plaintiff/Counterdefendant
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308
Tel No. (954) 200-3536
Bar No. 0037148

Email: tgnoffice34@gmail.com

6

1
2
3  **CERTIFICATE OF SERVICE**
4
5  I HEREBY CERTIFY that a true and correct copy of the foregoing
6
7
8  was furnished by email to the parties on the efiling portal on June 28, 2023.
9
10
11
12  By: __/s/ Thomas Neusom_____
13  Thomas Neusom
14  Attorney for Plaintiff/Counterdefendant
15  4737 N. Ocean Drive, #129
16  Fort Lauderdale, FL 33308
17  Tel No. (954) 200-3536
18  Fla. Bar No.: 37148
19
20
21
22
23
24
25
26
27
28