IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL
CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

CLARK PEAR LLC

          Plaintiff,

vs.

MVP REALTY ASSOCIATES,
LLC

          Defendant(s).

_____/

CASE NO: 2023-CA-000111

JUDGE: Lauren Brodie

CAUSE OF ACTION

1. BREACH OF CONTRACT

## 2ND AMENDED COMPLAINT

COME NOW the Plaintiff, CLARK PEAR LLC by and through the undersigned counsel, and sues the Defendant, MVP REALTY ASSOCIATES, LLC , a Florida Corporation, and would state as follows in support thereof:

1. This action is brought for damages that exceed thirty-thousand dollars ($30,000.00), exclusive of attorney fees, costs and expenses.

2. Plaintiff, Clark Pear LLC (hereinafter, "Plaintiff"), is a resident of Collier County, Florida, and sui juris.

3. Defendant, MVP Realty Associates LLC, was at all times material hereto a Florida Corporation with its principal place of business in Collier County, Florida.

4. Derek Carlson, at all times material hereto, was the Manager and registered agent of Defendant, MVP Realty Associates LLC.

## JURISDICTION AND VENUE

5.     MVP Realty Associates LLC and Derek Carlson at all times material hereto, conducted business in Collier County, FL elicited business in Collier County Florida and entered into an Assignment of Claims Agreement with Clark Pear LLC (See Exhibit A).  Notarized and agreed to by MVP Realty Associates LLC and Derek Carlson in Collier County, FL.

6.     Defendant, MVP Realty Associates LLC and Derek Carlson, at all times material hereto, conducted business in Collier County, Florida, elicited business in Collier County, Florida, and entered into the Commercial Listing Agreements and "AS IS" Residential Listing Agreements hereinafter, collectively, ("Fox Listing") for certain real property—1312 Highlands Dr & 1348 Highlands Dr, Naples, FL 34103 (Residential Properties); and 1072 N. Alhambra Cir, 1097 Highlands Dr., 1290 Highlands Dr., 1358 Highlands Dr., Naples, FL 34103 (Commercial Properties), (collectively, hereinafter, the ("Fox Properties")— located in Collier County, Florida and owned by Naples3912, 34102 Investments LLC, and Elizabeth Fox.

7.     Defendant, MVP Realty Associates LLC and Derek Carlson, at all times material hereto, conducted business in Collier County, FL elicited business in Collier County Florida, and entered into Listing Agreement with Buoy I LLC and Grider Revocable Trust, Respectively; hereinafter, collectively, "Grider/Buoy Listing" for 292 Capri Blvd, Naples, FL 34113 and surrounding parcels totaling 4.33 acres (collectively, hereinafter, the "Grider/Buoy Properties") Owned by Grider Revocable Trust, Buoy I LLC, Tammy and Paul Grider, and John Rogers.

8.     MVP Realty Associates LLC and Derek Carlson, at all times material hereto, conducted business in Collier County, FL elicited business in Collier County Florida, and entered into Listing Agreement with Lake Jefferson LLC and/or assigns for real property located at ACCESS UNDETERMINED BOKEELIA FL 33922 - (Parcel 3 for self storage and Orchid Cove Parcel, and property located at 750 Goodlette, Naples, FL 34102  (collectively here in after the "Higgs Properties") - located in Lee County, FL owned by Lake Jefferson LLC /William Higgs and

Power Corporation of Collier County, FL.

9.     At all times material hereto, the Circuit Court of the Twentieth Judicial Circuit of Palm Beach County, Florida retained jurisdiction over Defendant, MVP Realty Associates LLC. (hereinafter, collectively "Defendant").

10.    Jurisdiction is in Palm Beach County, FL and proper venue in Palm Beach County, Florida, or Collier County due to residence of Defendant and consent.

11.    All conditions precedent to the filing of this action have occurred, been fulfilled, waived, excused, or otherwise satisfied.

**FACTS**

12.    Plaintiff has hired LAW OFFICE OF THOMAS G. NEUSOM, P.A. ATTORNEY AT LAW 4737 N. OCEAN DRIVE, #129 FORT LAUDERDALE, FL 33308 TELEPHONE: (954)200-3536 – Florida Bar:  0037148 to represent, in the prosecution of this lawsuit.

13.    On December 13, 2021 requested assistance in pursuing claims on Fox Properties and Grider/Buoy Properties and Carlson stated "Clark"! Whenever an agent wants to pursue legal recourse against a client I typically sign a form transferring my rights over to the agent. That way they can go after the client directly. By signing this form my concern is that I could be on the hook for the legal fees. I"ll have my attorney review it to make sure that cannot happen "

14.    On December 14th, 2021 Defendant stated in an email and confirmed that Carlson, on behalf of Defendant MVP Realty Associates, LLC, would be assigning rights to pursue claims on Fox Properties and Grider/Buoy Properties over to Plaintiff. " Carlson said he will be transferring MVP's rights on this dispute/lawsuit to you. That way it is 100% direct between you and your attorney and the sellers" and the Agreement was contracted to commence December 15, 2021 and terminate only when claims were received by Plaintiff or Plaintiff lost in court.  See Exhibit A

15.    On or about December 15 2021, Plaintiff entered into an Assignment of Claims Agreement hereinafter, collectively, (the "Agreement") and (See Exhibit A) with Carlson and Defendant for the pursuit of claims against sellers of the Fox Properties and Grider/Buoy Properties who had defaulted on Fox Listing agreement and Grider/Buoy listing agreements.

16.    On or about December 15, 2021, Listing Broker, Defendant MVP Realty Associates, through and by Carlson, assigned its claims and rights under the Assignment of Claims Agreement to Plaintiff.

17.  Plaintiff has grounds to bring this cause of action against Defendant, because Defendant, through its alter ego, Carlson, refused to cooperate with Plaintiff in the pursuit of commission claims for $1,625,000 for Defendant and Carlson's unlawful justifications and Defendant is in breach of contract per Florida Statutes 672.301, providing that "every person who has a cause of action arising out of a contract may bring an action to recover damages or other relief to which he or she will be entitled"

18.   Per Florida Case Law, Graham vs Burnette, Plaintifff can pierce the corporate veil to sue Carlson and the Defendant, if the officer committed fraud or perpetuated a wrong and Defendant and Carlson did both.

19. Due to Defendants actions of breach of contract the Plaintiff suffered consequential damages of $26,625,000 backed by Florida Supreme Court case law, Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899 (Fla. 1987), and is filing this lawsuit for consequential damages.

20.  Plaintiff performed all of his obligations under the Agreement and spent considerable time, money, and effort pursuing the claims per the terms of the Agreement.

21.  Plaintiff's obligations under the Agreement consisted of pursuing claims as deemed absolute, and unconditional, and Defendant assigned away its rights for cause.

22. Under the Agreement, deemed as absolute and unconditional, The Claims were assigned by Assignor to Assignee for the purpose of collection and satisfaction.

23. Plaintiff never terminated the Agreement. Nor did defendant

24. Despite signing off on Agreement, on or about April 13, 2022 Carlson and Defendant refused to abide by the terms of the Agreement with Plaintiff and refused to assist Plaintiff in pursuit of real estate commission claims based on his own personal opinion and that of his attorney, and blatantly disregarded the Agreement with the Plaintiff and Defendant, and formed their own judgement on Plaintiffs pursuit of claims.

25. Throughout the tenure of the Agreement, before any termination by Defendant, Plaintiff performed his obligation under the Agreement by pursuing real estate claims.

26. On or about April 13th, 2022, Plaintiff brought to Carlson and Defendant, a valid claim with instructions on how to move forward via filing of lien and filing of complaint on Grider Properties.

27. On or about April 14th, 2022 Carlson writes in response "Clark, I sent your question over to my attorney. As soon as I get an answer from him I will be able to respond. Thanks Derek"

28. On or about April 23, 2022, after getting no cooperation on filing of lien Plaintiff writes, "Hello Derek, hope all is good and congrats on the Tom Brady stuff. Looks like we missed our window on filing a lien on Isles of Capri deal for $900k, as they just closed last Monday with another party, so I will pursue them for a judgement. Regarding my 750 goodlette case, have you heard back from your attorney about filing liens and/or procuring cause? It would help the case big time if I get an assignment of rights to send a demand letter and pursue the seller for a judgement? I have only had one commission dispute in 20 years in the business until this year, now 3 so this has been crazy stressful and everything. I worked for all year so really appreciate your consideration, Best," Plaintiff further tried to get Defendant to cooperate with assignment of claims agreement with no cooperation to assignment of claims agreement from Carlson for his own unlawful reasons, and

justifications.

29. On or about October 21, 2022, Plaintiff brought to Defendant, a valid claim with instructions on how to move forward on Fox Properties case when he wrote " Hello Derek, Looks like I"m going to have to proceed with a lawsuit against Fox/Naples 3912. Let me know some time(s) when your free to chat about moving forward so we can all coordinate w my attorney. Thanks again for your help and please let me know as soon as possible. Best, Clark"

30. Defendant, through it's alter ego, Carlson, refused to cooperate, and emailed, "Clark, will forward this over to my attorney. What is my liability if you lose this case? Considering you left my company and haven"t paid your outstanding invoice I have zero protection. Does that open me up to a counter lawsuit for Fox? Will I have to pay their attorney fees if you lose? " I'll talk to my attorney about this again. Derek .".

31. Plaintiff, in the Fox Properties case had four buyers execute either letters of intent or purchase and sale agreements (PSA's), and had full price offers, and/or proof of funds to support offers.

32. Plaintiff was also unable, because of Carlson's and defendants actions, to pursue additional claims against Higgs Properties for default on listing agreements for two other properties, and a procuring cause claim for $275,000. Plaintiff brought seller full priced offers and seller refused to cooperate. Per the terms of the commission agreement the seller was in default and Plaintiff was owed a commission for each property. Because of Defendant's refusal to cooperate, Plaintiff lost claims and any chance for another $475,000 in commissions.

33. On or about April 13, 2022 and October 21, 2022 Defendant refused to cooperate with Plaintiff per terms of assignment of claims agreement, for Carlson's and Defendant"s own unlawful reasons and justifications.

34. Thereafter, on or about December 12, 2022 plaintiff hired:

LAW OFFICE OF THOMAS G. NEUSOM, P.A., ATTORNEY AT LAW, 4737 N.
OCEAN DRIVE #129 FORT LAUDERDALE, FL 33308 to represent him in a breach of
contract, consequential damages, case with Defendant.

## COUNT I – PLAINTIFF CLARK PEAR LLC FILES BREACH OF CONTRACT AGAINST DEFENDANT, MVP Realty Associates LLC.

35. This is an action for breach of contract against Defendant in excess of $30,000.00,
exclusive of interest and costs. Defendant is in breach of contrac,t as (1) There is an
existence of a valid contract that was fully executed and notarized on or about December
15, 2021; (2) Defendant is in "Material" breach of obligations under the contract, and
Defendant through its alter ego Carlson, failed to perform the obligations laid out within the
Agreement, and (3) As a direct and proximate result of Defendants actions, there were
significant financial damages of $28,250,000 to Plaintiff, resulting from the Defendants
breach of contract. The Defendant's failure to perform, duty and breach of obligations of
the Defendant towards the plaintiff have caused this action.   Florida case law, Baptist
Health South Florida, Inc. v. North American Capacity Insurance Co. (Fla. 2003),
establishes that a party can sue for breach of contract if the other party fails to perform its
contractual obligations.

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35, as well as all
exhibits and composites thereto, as if set forth in full herein.

37. Defendant, MVP Realty Associates LLC is sued individually for it's breach of contract
as described herein. The Defendants failure to perform duties and breach of obligations of
the Defendants towards the Plaintiff, have caused this action. Per Florida Case Law
Graham Vs Burnette, Plaintifff can pierce corporate veil if the officer committed fraud or
perpetuated a wrong and Derek Carlson did both.  Plaintiff intends to pierce the corporate
veil.

38.  On December 13, 2021 Defendant Stated "Clark! Whenever an agent wants to pursue legal recourse against a client I typically sign a form transferring my rights over to the agent. That way they can go after the client directly. By signing this form my concern is that I could be on the hook for the legal fees. I'll have my attorney review it to make sure that cannot happen

39.  On December 14th, 2021 Defendant stated in an email to Plaintiff "I will be transferring my rights on this dispute/lawsuit to you. That way it is 100% direct between you and your attorney and the sellers" The Agreement was contracted to commence December 15, 2021 and terminate when claims were received by Plaintiff or Plaintiff lost in court. See Exhibit A

40.  Plaintiff and Defendants entered into the Agreement on or about December 15, 2021, wherein Defendants agreed to cooperate with Plaintiff in his pursuit of claims with No consideration and despite Plaintiffs best efforts Defendant has failed to comply causing this action.

41.  Plaintiff has performed his obligations under the Agreement by engaging attorneys to send demand letters, setting mediations, preparing complaints, responses, and net lien paperwork for the pursuit and enforcement of claims on commissions and monies owed to Defendant for performing duties as contractually agreed. And, making diligent and continued efforts to pursue the claims in accordance with the Assignment of Claims Agreement with Defendant until a settlement and/or judgement was reached.

42.  Despite Plaintiff's performance and best efforts to get Defendant to cooperate, Defendant has failed to complete or even substantially complete their end of the Agreement, including, but not limited to cooperating with the plaintiff described as executing, delivering and filing or cause to be executed, delivered and filed such further documents and instruments, as may be necessary or reasonably requested in order to effectuate fully the purposes of this Assignment and executing any other documents necessary to carry out the intent of the Assignment and record any and all documents and instruments at the appropriate government office in order to carry out the intention of this Assignment.

43.  As a direct and proximate result of Defendant'' breach of the contract, Plaintiff has suffered what Plaintiff believes are great financial damages in the amount of $1,625,000 in commission claims, and consequential damages of $28,250,000. As a consequence of Defendant's breach of contract, Plaintiff was unable to expand Plaintiff's business and lost profits of an additional $1,625,000, established business relationships suffered, and Plaintiff was unable to participate in a development deal and incurred monetary losses of $25,000,000. Defendant breached contract with Plaintiff through unlawful and wrongful means.  Defendant and its alter ego Carlson's, action of failure to perform duty, and breach of obligation of the Defendant towards the Plaintiff, have caused this lawsuit to be filed.

44.  Defendant violated all three elements of breach of contract (1) a valid agreement/contract was in place that defendant refused to abide by (Exhibit A), (2) a material breach of the valid agreement took place due to Defendant's failure to abide by the contracts terms for Defendant's own unlawful justifications thus rendering the agreement irreparably broken and defeating the purpose of entering the agreement in the first place, and Plaintiff sustained a substantial financial losses and direct damages of $1,625,000 in commission claims due to this material breach, and Per Florida Case Law Graham Vs Burnette, Plaintiff can pierce the corporate veil if the officer committed fraud or perpetuated a wrong and Derek Carlson did both.
(3) Plaintiff suffered consequential damages in the amount of $1,625,000 in forseeable commissions from Plaintiffs business efforts, and Plaintiff extimates an additional financial damage of $25,000,000 in development deal profits, all lost as a direct result of the material breach of contract by the Defendant.

45. Plaintiff requests that he be given damages according to proof.

46. Due to Assignment of Claims Agreement section 8.10 Waiver of Jury Trial clause, Plaintiff hereby demands a Trial By Judge.

WHEREFORE Plaintiff respectfully requests that this Court:

1. Enter judgments against Defendant MVP Realty Associates LLC for damages plus interest, costs, attorneys' fees, and such further relief as the Court deems necessary or proper.

Respectfully Submitted,

LAW OFFICE OF THOMAS G. NEUSOM, P.A. ATTORNEY AT LAW 4737 N. OCEAN DRIVE, #129 FORT LAUDERDALE, FL 33308

TELEPHONE: (954)200-3536

Email: tgnoffice35@gmail.com Counsel for Plaintiff

By: /s/ Thomas Neusom

Thomas Neusom

Florida Bar: 0037148

## CERTIFICATION OF SERVICE

I hereby certify the above has been furnished via the Florida E-filing Portal Court to Nabil Joseph (nabil@njlawflorida.com) and all other parties on the portal on May 26, 2023

LAW OFFICE OF THOMAS G. NEUSOM, P.A. ATTORNEY AT LAW 4737 N. OCEAN DRIVE, #129 FORT LAUDERDALE, FL 33308

TELEPHONE: (954)200-3536

Email: tgnoffice35@gmail.com Counsel for Plaintiff

By: /s/ Thomas Neusom

Thomas Neusom

Florida Bar: 0037148

EXHIBIT A

## ASSIGNMENT OF CLAIMS AGREEMENT

THIS ASSIGNMENT OF CLAIMS AGREEMENT (this "Agreement") dated as of the __ day of December, 2021 is entered into by between, MVP REALTY ASSOCIATES, LLC, a Florida limited liability company, having an address of 1495 Pine Ridge Road, #1, Naples, FL 34109 (hereinafter referred to as "Assignor") and CLARK PEAR LLC, a Florida limited liability company, having an address of 898 5th Avenue South, Suite 202, Naples, FL 34102 or its successor(s) or assign(s) ("Assignee").

### WITNESSETH:

WHEREAS, MVP REALTY ASSOCIATES, LLC as seller, transaction and/or buyer's brokerage of the following real estate purchase and sale agreements, is a potential or actual claimant in potential litigation against parties to the following contracts: as the Seller(s)' Brokerage in Sales Contract (Residential Improved Property) dated November 6, 2021 and/or its corresponding listing agreement(s) involving 840 Meadowland Drive Unit 11-1, Naples, Florida 43108 that did not close despite ready, willing and able buyer(s); as the Seller(s) Broker in the Commercial Contract offer dated December 2, 2021, corresponding listing agreement(s), and/or other contracts or offers involving 1348 Highlands Dr, Naples, FL 34103, 1358 Highlands Dr, Naples, FL 34103, 1097 Highlands Dr, Naples, FL 34103, 1290 Highlands Dr, Naples, FL 34103, 1312 Highlands Dr, Naples, FL 34103, and/or 1072 Highlands Dr, Naples, FL 34103 that did not close despite ready, willing and able buyer(s); and as a Transaction Brokerage in Commercial Contract dated November 6, 2021, corresponding listing agreement(s), commission agreements (including any and all of the 21 parcels contained within), and/or other contracts or offers involving approximately 4.33 acres on or near 292 Capri Blvd in Naples, FL that did not close despite ready, willing and able buyer(s) (collectively the "Claim" or "Claims"). Such Claims include (or extend to), but are not limited to, any claims against third parties and any contractual party's beneficiaries, assigns, or successors.

WHEREAS, the Assignor desires to assign the Claims to Assignee and Assignee desires to purchase the Claims, as defined below;

WHEREAS, Assignor has full right power to execute the Assignment in connection with this Agreement; and

WHEREAS, Assignee, in consideration of this Agreement, has paid ten dollars ($10) and other good and valuable consideration (the "Payment"), in exchange for assignment of Assignor's interest in the Claims. In exchange for the Payment, receipt of which is acknowledged by Assignor, Assignor has agreed to irrevocably, sell, convey, transfer and assign One Hundred Percent (100%) of the Claims to Assignee.

NOW THEREFORE, in consideration of the foregoing and the representations, warranties, covenants, agreements, and conditions set forth herein, the receipt and sufficiency of

which is hereby acknowledged, and each party, intending to be legally bound, hereby agrees as follows:

## AGREEMENT

1. **RECITALS.** The recitals set forth above are true and correct and are incorporated by reference herein.

2. **CLAIM.** MVP REALTY ASSOCIATES, LLC as seller, transaction and/or buyer's broker for the following real estate purchase and sale agreements, listing agreements, commission agreements, and the like, is a claimant in potential litigation against parties to the following contracts: as the Seller(s)' Brokerage in Sales Contract (Residential Improved Property) dated November 6, 2021 and/or its corresponding listing agreement(s) involving 840 Meadowland Drive Unit 11-1, Naples, Florida 43108 that did not close despite ready, willing and able buyer(s); as the Seller(s)' Brokerage in Commercial Contract offer dated December 2, 2021, corresponding listing agreement(s), and/or other contracts or offers involving 1348 Highlands Dr, Naples, FL 34103, 1358 Highlands Dr, Naples, FL 34103, 1097 Highlands Dr, Naples, FL 34103, 1290 Highlands Dr, Naples, FL 34103, 1312 Highlands Dr, Naples, FL 34103, and/or 1072 Highlands Dr, Naples, FL 34103 that did not close despite ready, willing and able buyer(s); and as a Transaction Brokerage in Commercial Contract dated November 6, 2021, corresponding listing agreement(s), commission agreements (including any and all of the 21 parcels contained within), and/or other contracts or offers involving approximately 4.33 acres on or near 292 Capri Blvd in Naples, FL that did not close despite ready, willing and able buyer(s) (collectively the "Claim" or "Claims"). Such Claims include (or extend to), but are not limited to, any claims against third parties and any contractual party's beneficiaries, assigns, or successors.

3. **ASSIGNMENT OF CLAIMS.** Subject to the terms and conditions of this Agreement, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration (the "Purchase Price"), the Assignor agrees to irrevocably, sell, convey, transfer and assign One Hundred Percent (100%) of the Claims to Assignee, and such Assignment of Claim Agreement attached hereto as Exhibit "A" shall be executed on even date with this Agreement. The Assignment of Claim shall be deemed an absolute and unconditional assignment of the Claims for the purpose of collection and satisfaction and shall not be deemed to create a security interest.

4. EXECUTION.   As per the Parties' previous conversations and mutual understanding, each Party agrees to furnish copies of this executed Agreement, and an executed copy of the Assignment of Claim attached hereto as Exhibit "A" to Russell Kerr, P.A. ("Russell Kerr") 1044 N US Highway 1, Ste 202, Jupiter, FL 33477.

5. PROCEEDS.   In the event Assignor receives recovery from any Claim subject to this Agreement, then, within two (2) business days of receipt of any recovery under the Claims, Assignor shall wire or direct its counsel to wire to Assignee any such proceeds upon receipt and confirmation of wire instructions by Assignee.

6. NO REPRESENTATIONS AND WARRANTIES. The Claims are being assigned by Assignor to Assignee on an "AS IS" "WITHOUT RECOURSE" basis without any representation or warranties.  Notwithstanding the preceding, Assignor does warrant that the undersigned has the authority to bind the Assignor and enter into said Agreement.  Assignee acknowledges that, except as specifically set forth in this Agreement, neither Assignor nor any agent or representative of Assignor has made any representation whatsoever to Assignee regarding the status of the Claims proceedings, the condition of the Claims (financial or otherwise) or any other matter relating to the Claims.

7. BIG BOY CLAUSE. Each party acknowledges that (i       other currently may have, and later may come into possession of, information on the Claims or the status of the proceedings of the Claims that is not known to it and that may be material to a decision to buy or sell the Claim and all related rights (as appropriate) (the "Excluded Information"), (ii) it has not requested the Excluded Information, and has agreed to proceed with the purchase or sale of the Claims and all related rights (as appropriate) hereunder without receiving the Excluded Information, and (iii) the other party shall have no liability to it, and each party waives and releases any claims that it might have against the other party or the other party's affiliates, employees, agents, representatives, and their respective successors, assigns or designees whether under applicable securities laws or otherwise, with respect to the nondisclosure of the Excluded Information; provided, however, that each party's Excluded Information shall not and does not affect the truth or accuracy of such party's representations or warranties in this Agreement.

8. MISCELLANEOUS

8.1.    Headings.  All Article and Section headings are for convenience only and shall not be interpreted to enlarge or restrict the provisions of this Agreement.

8.2.    Notices.  All notices shall be in writing and shall be sent to the respective addresses of the parties set forth in Schedule 1.

8.3.    Binding Effect.  This Agreement shall bind the parties hereto and their respective personal representatives, heirs, successors and permitted assigns.

8.4.    Amendment. This Agreement may be modified and amended only in writing signed by the parties hereto.

8.5.    Severability. In the event any provision of this Agreement shall be held invalid or unenforceable in any legal action by any court of competent jurisdiction or other governmental authority, such holding shall not invalidate or render unenforceable any other provision hereof.

8.6.    Applicable Law.  This Agreement shall be governed by the laws of the State of Florida, without regard to principles of conflict of laws and venue shall be maintained exclusively in Palm Beach County, Florida.

8.7.    Construction.  The use of any gender, tense or conjugation herein shall be applicable to all genders, tenses and conjugations.  The use of the singular shall include the plural and the plural shall include the singular.

8.8.    No Conflicts.  Each party represents and warrants that neither the execution and delivery of this Assignment by such party, nor the consummation or performance by such party of any of the transactions contemplated hereby, will with or without notice or lapse of time, constitute, create or result in a breach or violation of, default under, loss of benefit or right under or acceleration of performance of any obligation required under any agreement to which it is a party.

8.9.   Further Assignment. Assignor hereby acknowledges that Assignee may at any time reassign any or all of the Transferred Rights, together with all right, title and interest of Assignee in and to this Agreement. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and any such reassignment, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns of any party hereto; provided, however, that the obligations of Assignor and Assignee contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied.

8.10.   **WAIVER OF JURY TRIAL.** THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT THEY MAY HAVE TO TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION, OR IN ANY LEGAL PROCEEDING, DIRECTLY OR INDIRECTLY BASED UPON OR ARISING OUT OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY). EACH PARTY (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF THE OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTY HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

ASSIGNOR:                                          ASSIGNEE:

MVP REALTY ASSOCIATES, LLC,          CLARK PEAR LLC,
a Florida limited liability company              a Florida limited liability company

By: _____              By: _Clark J Pear_____
    Authorized Person                              Authorized Person

## <u>SCHEDULE 1</u>

**Assignee Notice**

**CLARK PEAR LLC**
Attn: Clark Pear

898 5th AVE SOUTH
Suite 202
NAPLES, FL 34102

With a Copy to:

Russell Kerr, P.A.
1044 N US Highway 1
Suite 202
Jupiter, Florida 33477
Russell A. Kerr
rkerr@russellkerrlaw.com

**Assignor Notice Information:**

MVP REALTY ASSOCIATES, LLC
1495 Pine Ridge Road #1
Naples, FL 34109

**Russell Kerr Notice Information**

Russell Kerr, P.A.
1044 N US Highway 1
Suite 202
Jupiter, Florida 33477
Russell A. Kerr
rkerr@russellkerrlaw.com

## EXHIBIT A

ASSIGNMENT OF CLAIM
ATTACHED

**ASSIGNMENT OF CLAIM**

For value received, the adequacy and sufficiency of which are hereby acknowledged, on December __, MVP REALTY ASSOCIATES, LLC, a Florida limited liability company, having an address of 1495 Pine Ridge Road, #1, Naples, FL 34109 (hereinafter collectively referred to as "Assignor"), hereby unconditionally and irrevocably sells, sets over, transfers and assigns to CLARK PEAR LLC, a Florida limited liability company, having an address of 898 5th Avenue South, Suite 202, Naples, FL 34102 or its successor(s) or assign(s) ("Assignee") One Hundred Percent (100%) of Assignor's potential or actual claims as seller, transaction and/or buyer's broker for the following real estate purchase and sale agreements, listing agreements, commission agreements, and the like: as the Seller(s)' Brokerage in Sales Contract (Residential Improved Property) dated November 6, 2021 and/or its corresponding listing agreement(s) involving 840 Meadowland Drive Unit 11-1, Naples, Florida 43108 that did not close despite ready, willing and able buyer(s); as the Seller(s)' Brokerage in Commercial Contract offer dated December 2, 2021, corresponding listing agreement(s), and/or other contracts or offers involving 1348 Highlands Dr, Naples, FL 34103, 1358 Highlands Dr, Naples, FL 34103, 1097 Highlands Dr, Naples, FL 34103, 1290 Highlands Dr, Naples, FL 34103, 1312 Highlands Dr, Naples, FL 34103, and/or 1072 Highlands Dr, Naples, FL 34103 that did not close despite ready, willing and able buyer(s); and as a Transaction Brokerage in Commercial Contract dated November 6, 2021, corresponding listing agreement(s), commission agreements (including any and all of the 21 parcels contained within), and/or other contracts or offers involving approximately 4.33 acres on or near 292 Capri Blvd in Naples, FL that did not close despite ready, willing and able buyer(s) (collectively the "Claim" or "Claims"). Such Claims include (or extend to), but are not limited to, any claims against third parties and any contractual party's beneficiaries, assigns, or successors.

TO HAVE AND TO HOLD its right, title and interest in the above described assets unto Assignee, its successors and assigns.

1.     Assignor without additional consideration, to take such further action, to execute, deliver and file or cause to be executed, delivered and filed such further documents and instruments, as may be necessary or reasonably requested in order to effectuate fully the purposes of this Assignment.

2.     Assignor agrees to execute any other documents necessary to carry out the intent of this Assignment and record any and all documents and instruments at the appropriate government office in order to carry out the intention of this Assignment.

3.     In the event Assignor receives recovery from any Claim, then, within two (2) business days of receipt of any recovery under the Claims, Assignor shall wire or direct its counsel to wire to Assignee any such proceeds upon receipt and confirmation of wire instructions by Assignee.

4.    This Assignment of Claim shall be governed and construed by the laws of the State of Florida and shall bind and inure to the benefit of the parties hereto and their respective successors and assigns.

[Signature page to follow]

**IN WITNESS WHEREOF**, the parties to this Assignment have executed this Assignment of Claim as of the day and year first above written.

**ASSIGNOR:**

MVP REALTY ASSOCIATES, LLC

By: _____                    _____
    Authorized Person                                           Witness

Derek CARLSon

                                                                _____
                                                                Witness

STATE OF FLORIDA
                    COLLIER AK
COUNTY OF ~~PALM BEACH~~

The foregoing instrument was acknowledged before me by means of ☒physical presence or ☐online notarization, this _21ST_ day of _DECEMBER_, 2021, by _DEREK CARLSON_, authorized person for MVP Realty Associates, LLC.  He/she is personally known to me or has produced the following as identification: _DRIVERS LICENSE_

(Notary Seal)

Notary Public State of Florida
Aaron Krzycik
My Commission GG 306095
Expires 08/08/2023

_____
Notary Public/State of Florida