## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

CLARK PEAR LLC
     Plaintiff,

v.

MVP REALTY ASSOCIATES LLC and
DEREK CARLSON.
     Defendant(s).

Case No. <u>2023-CA-000111</u>
Judge: <u>Lauren Brodie</u>

### CARLSON'S VERIFIED MOTION FOR SANCTIONS AGAINST
### <u>CLARK PEAR LLC AND HIS COUNSEL UNDER F.S. 57.105</u>

Defendant, DEREK CARLSON ("<u>Carlson</u>"), by and through his undersigned counsel, files his Verified Motion for Sanctions pursuant to §57.105, Fla. Stat. and in support thereof would allege as follows:

1.    Plaintiff filed their first facially defective **one-count** *Complaint* (Dkt. 3) on January 23, 2023.

2.    Thereafter, Derek Carlson filed *Defendant's Motion to Strike Plaintiff's Complaint and Motion to Quash Service* (Dkt. 12, Feb. 15, 2023) ("<u>Carlson MTS</u>") and MVP Realty Associates, LLC (hereinafter, "<u>MVP</u>") filed *Motions To Strike Plaintiff's Complaint; Quash Service; or, In The Alternative, For More Definite Statement; And To Compel Separate Statements Of Claim* (Dkt. 15, Feb. 16, 2023) ("<u>MVP MTS</u>") (hereinafter, collectively referred to as "<u>Motion to Strike</u>").

3.    A hearing was held on March 13, 2023, on the Motion to Strike and the Court entered *Order on MVP's Motions to Strike Plaintiff's Complaint; Quash Service; or, In*

*the Alternative, For More Definite Statement; And to Compel Separate Statements of Claim* (Dkt. 31, March 21, 2023).

4.      Plaintiffs filed their *Amended Complaint* (Dkt. 3, Apr. 2, 2023) (hereinafter, "Am. Complaint") seeking damages for (a) breach of contract, (b) consequential damages, and (c) a revocation or suspension of Defendants' licenses under a statute that only authorizes the Florida Real Estate Commission to do such acts. (See *Am. Complaint* ¶¶ 33, 43, 56).

5.      The causes of action plead by the Plaintiff against Carlson within the Am. Complaint are not supported by the material facts necessary to establish said claims and Clark Pear LLC and its counsel are aware of such. (Fla. Stat. §57.105(1)(a)).

6.      Not only is it evident on the face of the *Assignment of Claims Agreement* (hereinafter, "Agreement") that the Agreement is between Clark Pear LLC and MVP and not Derek Carlson in his individual capacity, but Clark Pear LLC and its counsel were also put on notice that Derek Carlson, in his individual capacity, could not be a party to the action as Mr. Carlson executed the agreement on behalf of MVP. (See *MVP MTS* ¶ 20, 22)

7.      Moreover, the Am. Complaint is frivolous and was filed in bad faith by Clark Pear LLC with the intention to vex, harass, and intimidate Mr. Carlson as Clark Pear LLC and its counsel are aware that Mr. Carlson cannot be subject to individual liability for any actions which Mr. Carlson performed as the broker of MVP Realty

Associates, LLC absent a certain showing necessitating the piercing of the corporate veil.

8.      Clark Pear LLC and its counsel go even further within the Am. Complaint to vex, harass, and intimidate Mr. Carlson when they file causes of action and seek relief requesting the revocation of Mr. Carlson's brokerage license under a Florida Statute that is (1) not a valid recitation of the current statute, but (2) said statute authorizes the Florida Real Estate Commission or Commission to do such actions and not this Court. (See *Complaint* ¶¶ 33, 43, 56).

9.      The Agreement attached to Plaintiff's Am. Complaint as Exhibit A and the Agreement subject of this litigation, clearly states the Agreement was between MVP and Clark Pear LLC and the agreement was signed by representatives of both entities, MVP's representative being Derek Carlson and Clark Pear LLC's representative being Clark Pear. (See *Am. Complaint Ex. A* at 5).

10.     An officer of a corporation cannot be held liable in his individual capacity unless he either signed a contract in his individual capacity or unless the corporate veil was pierced, or the corporate entity should be ignored because it was found to be formed or used for fraudulent purposes or where the corporation was merely the alter ego of the shareholder. *Ryan v. Wren*, 413 So. 2d 1223, 1224 (Fla. 2nd DCA 1982). Generally, directors, officers and stockholders are not liable for corporate acts simply by reason of their official relationship to the corporation. Actual wrongdoing in the form of fraud, self-dealing or unjust enrichment would have to be established in order to trigger individual liability."

*Taylor v. Wellington Station Condo. Ass'n, Inc.*, 633 So. 2d 43, 45 (Fla. 5th DCA 1994).

11.     As the Florida Supreme Court stated in *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120-21 (Fla. 1984)"

> "[t]he corporate entity is an accepted, well used and highly regarded form of organization in the economic life of our state and nation. As we said in *State ex rel. Continental Distilling Sales Co. v. Vocelle*, 1946, 158 Fla. 100, 27 So.2d 728, 'Their purpose is generally to limit liability and serve a business convenience.' **Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it <u>be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose</u> which justifies piercing of the corporate veil.** This is the reason for the rule, stated in all Florida cases, that the courts are reluctant to pierce the corporate veil and will do so only in a court of competent jurisdiction, after notice to and full opportunity to be heard by all parties, and upon showing of cause which necessitates the corporate entity being disregarded in order to prevent some injustice."

12.     The Florida Supreme Court has imposed a strict standard upon those wishing to pierce a corporate veil. *Dania Jai-Alai*, 450 So.2d at 1121; *Seminole Boatyard, Inc. v. Christoph*, 715 So. 2d 987, 990 (Fla. 4th DCA 1998). The Plaintiff needs to show that the corporation was formed for an improper purpose or for improper conduct and has to plead three factors as set out in the case law. *Seminole Boatyard*, 715 So. 2d at 990.

13.     Unless a plaintiff pleads that the corporation was organized for an illegal purpose or that its members fraudulently used the corporation as a means of evading liability with respect to a transaction that was personal and not corporate, the corporate veil cannot be pierced. See, *Dania Jai-Alai*, 450 So. 2d at 1120. 29.

14.     As mentioned previously, the Agreement was between MVP and Clark

Pear LLC and the agreement was signed by representatives of both entities, MVP's representative being Derek Carlson and Clark Pear LLC's representative being Clark Pear. (See *Am. Complaint Ex. A* at 5).

15.     At all times relevant to the allegations made by Plaintiff, Derek Carlson was acting in his capacity as the broker of MVP Realty Associates, LLC, as evidenced by the classification of "Authorized Person" appearing beneath his signature, and thus, he is entitled to protection from individual liability absent a piercing of the corporate veil.

16.     Here, the Plaintiff did not bring an action to pierce the corporate veil (See *Am. Complaint*), nor has Plaintiff plead or will Plaintiff ever be able to plead the necessary requirements to justify the piercing of the MVP Realty Associates, LLC's corporate veil and thus, Plaintiff cannot state any cause of action against Derek Carlson in his individual capacity. See, *Seminole Boatyard*, 715 So. 2d at 990; *Aldea Communications, Inc. v. Gardner*, 725 So. 2d 456, 457 (Fla. 2d DCA 1999).

17.     Clark Pear LLC and its counsel, Thomas Neusom, Esq. have been provided "safe harbor" notice pursuant Fla. Stat. § 57.105. A copy of the notice is attached hereto as **Exhibit "A"**.

18.     The 21-day period for such safe harbor has expired and the offending Complaint has neither been withdrawn nor otherwise dismissed.

19.     Mr. Carlson is entitled to his reasonable attorney's fees, including prejudgment interest.

20.     Both Clark Pear LLC and its counsel are liable in equal amounts for reasonable attorney's fees and prejudgment interest for their willful violations of Fla. Stat. §57.105.

**WHEREFORE**, Defendant, DEREK CARLSON, respectfully request that this Honorable Court grant Carlson his reasonable attorney's fees and costs for having to defend a frivolous action, and all other remedies the Court deems just and proper under the law.

## VERIFICATION

Under penalties of perjury, I, **Derek Carlson**, declare that I have read the foregoing and that the facts stated in it are true to the best of my knowledge and belief.

*Derek Carlson*
Derek Carlson (May 10, 2023 10:49 EDT)

Derek Carlson

## CERTIFICATE OF SERVICE FOR SAFE HARBOR PERIOD

I hereby certify that a true and correct copy of the foregoing was furnished via electronic mail, **pursuant to Rule 2.516, Fla. R. Jud. Admin**, to the below parties on April 18, 2023.

Thomas Neusom, Esq.
LAW OFFICE OF THOMAS G. NEUSOM, P.A. ATTORNEY AT LAW
tgnoffice33@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been furnished

via the Florida Court E-Filing Portal Florida Court to all counsel of record on May 10,

2023.

Respectfully Submitted,

**NJ LAW PLLC**
*Counsel for Derek Carlson*
3411 Tamiami Trail N., Ste. 100
Naples, FL 34103
Tel: (239) 920-5228 / Fax: (239) 920-5289

By: */s/ Danielle Crowley*
NABIL JOSEPH
Florida Bar Number: 1012159
Primary: nabil@njlawflorida.com
Service Email: service@njlawflorida.com
DANIELLE CROWLEY
Florida Bar Number: 1037776
Primary: danielle@njlawflorida.com
Service Email: service-dc@njlawflorida.com

**NABIL JOSEPH**
**NJ LAW PLLC**

3411 TAMIAMI TRAIL N.
STE. 100
NAPLES, FL 34103
TEL (239) 920-5228

April 18, 2023

**SERVED PURSUANT TO RULE 2.516 FLA. R. JUD. ADMIN.**

<u>VIA Email to</u>:
Thomas Neusom, Esq.
LAW OFFICE OF THOMAS G. NEUSOM, P.A. ATTORNEY AT LAW
tgnoffice34@gmail.com

**RE:    Clark Pear LLC v. MVP Realty Associates et al.,** Case No. 23-CA-111 in the
       Twentieth Judicial Circuit Court, Collier County, Florida

Dear. Mr. Neusom,

As you are aware, our office represents Derek Carlson in the above-referenced action. As set forth in the enclosed *Motion for Sanctions Against Clark Pear LLC and His Counsel Under F.S. 57.*105, being served with this correspondence, our clients are seeking sanctions under Section 57.105 of the Florida Statutes, including damages and/or attorney's fees against not only your client, but your office as well.

This letter will serve as our good faith attempt to resolve this matter before it is brought before the court for resolution. As stated in our client's Motion to Dismiss and in the attached Motion for Sanctions, Mr. Carlson executed that agreement in his capacity as broker of MVP Realty Associates. Therefore, for Mr. Carlson to be subject to **any** effects as a result of executing said agreement, Clark Pear LLC would first **be required** to pierce the corporate veil of MVP Realty Associates.

As you're aware, there is not a cause of action currently plead within your client's Amended Complaint, to a pierce MVP's corporate veil nor is the necessary pleading requirements included within your complaint. Furthermore, there is no plausible way to pierce the corporate veil of MVP in this scenario as it does not meet the requirements to do so nor has MVP committed any sort of acts to justify the piecing of its corporate veil. Mr. Carlson had incurred fees and is still continuing to incur fees in defending a frivolous lawsuit being brought against him in his individual capacity. The frivolity of such is evidenced your client's cause of action wherein your client seeks to have Mr. Carlson's

Thomas G. Neusom, Esq.
April 18, 2023
Page **2** of **2**

broker license revoked under a statute that **only** authorizes the Florida Real Estate Commission or FREC to make such determinations and decisions. Moreover, the Amended Complaint includes copies of statutes that are no longer active or relevant. Finally, the Amended Complaint contains unfinished paragraphs and does not conform to the Florida Rules of Civil Procedure.  This information is fully detailed in our Motion to Dismiss previously filed and the attached Motion for Sanctions.

We believe the cause of actions alleged in your clients Complaint against Mr. Carlson are being brought against our client, in bad faith, is being used to harass and intimidate our client and is entirely frivolous.

Therefore, as provided by Section 57.105(4) of the Florida Statutes, the enclosed Motion shall be filed with or presented to the court, unless you and your client have appropriately corrected this situation within twenty-one (21) days of service of this letter. To the extent that we prevail, we will pursue an award of fees and costs against both you and your client for expenses incurred in defending the frivolous claim alleged against our clients.

We urge you to give this matter your immediate attention.

Sincerely,

*Danielle Crowley*

Danielle Crowley, Esq.

Encl.

Cc: Client

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA**

CLARK PEAR LLC
      Plaintiff,

v.

MVP REALTY ASSOCIATES LLC and
DEREK CARLSON.
      Defendant(s).

Case No. 2023-CA-000111
Judge: Lauren Brodie

**CARLSON'S VERIFIED MOTION FOR SANCTIONS AGAINST
CLARK PEAR LLC AND HIS COUNSEL UNDER F.S. 57.105**

Defendant, DEREK CARLSON ("Carlson"), by and through his undersigned counsel, files his Verified Motion for Sanctions pursuant to §57.105, Fla. Stat. and in support thereof would allege as follows:

1.    Plaintiff filed their first facially defective **one-count** *Complaint* (Dkt. 3) on January 23, 2023.

2.    Thereafter, Derek Carlson filed *Defendant's Motion to Strike Plaintiff's Complaint and Motion to Quash Service* (Dkt. 12, Feb. 15, 2023) ("Carlson MTS") and MVP Realty Associates, LLC (hereinafter, "MVP") filed *Motions To Strike Plaintiff's Complaint; Quash Service; or, In The Alternative, For More Definite Statement; And To Compel Separate Statements Of Claim* (Dkt. 15, Feb. 16, 2023) ("MVP MTS") (hereinafter, collectively referred to as "Motion to Strike").

3.    A hearing was held on March 13, 2023, on the Motion to Strike and the Court entered *Order on MVP's Motions to Strike Plaintiff's Complaint; Quash Service; or, In*

*the Alternative, For More Definite Statement; And to Compel Separate Statements of Claim* (Dkt. 31, March 21, 2023).

4.      Plaintiffs filed their *Amended Complaint* (Dkt. 3, Apr. 2, 2023) (hereinafter, "Am. Complaint") seeking damages for (a) breach of contract, (b) consequential damages, and (c) a revocation or suspension of Defendants' licenses under a statute that only authorizes the Florida Real Estate Commission to do such acts. (See *Am. Complaint* ¶¶ 33, 43, 56).

5.      The causes of action plead by the Plaintiff against Carlson within the Am. Complaint are not supported by the material facts necessary to establish said claims and Clark Pear LLC and its counsel are aware of such. (Fla. Stat. §57.105(1)(a)).

6.      Not only is it evident on the face of the *Assignment of Claims Agreement* (hereinafter, "Agreement") that the Agreement is between Clark Pear LLC and MVP and not Derek Carlson in his individual capacity, but Clark Pear LLC and its counsel were also put on notice that Derek Carlson, in his individual capacity, could not be a party to the action as Mr. Carlson executed the agreement on behalf of MVP. (See *MVP MTS* ¶ 20, 22)

7.      Moreover, the Am. Complaint is frivolous and was filed in bad faith by Clark Pear LLC with the intention to vex, harass, and intimidate Mr. Carlson as Clark Pear LLC and its counsel are aware that Mr. Carlson cannot be subject to individual liability for any actions which Mr. Carlson performed as the broker of MVP Realty

Associates, LLC absent a certain showing necessitating the piercing of the corporate veil.

8.      Clark Pear LLC and its counsel go even further within the Am. Complaint to vex, harass, and intimidate Mr. Carlson when they file causes of action and seek relief requesting the revocation of Mr. Carlson's brokerage license under a Florida Statute that is (1) not a valid recitation of the current statute, but (2) said statute authorizes the Florida Real Estate Commission or Commission to do such actions and not this Court. (See *Complaint* ¶¶ 33, 43, 56).

9.      The Agreement attached to Plaintiff's Am. Complaint as Exhibit A and the Agreement subject of this litigation, clearly states the Agreement was between MVP and Clark Pear LLC and the agreement was signed by representatives of both entities, MVP's representative being Derek Carlson and Clark Pear LLC's representative being Clark Pear. (See *Am. Complaint Ex. A* at 5).

10.     An officer of a corporation cannot be held liable in his individual capacity unless he either signed a contract in his individual capacity or unless the corporate veil was pierced, or the corporate entity should be ignored because it was found to be formed or used for fraudulent purposes or where the corporation was merely the alter ego of the shareholder. *Ryan v. Wren*, 413 So. 2d 1223, 1224 (Fla. 2nd DCA 1982). Generally, directors, officers and stockholders are not liable for corporate acts simply by reason of their official relationship to the corporation. Actual wrongdoing in the form of fraud, self-dealing or unjust enrichment would have to be established in order to trigger individual liability."

*Taylor v. Wellington Station Condo. Ass'n, Inc.*, 633 So. 2d 43, 45 (Fla. 5th DCA 1994).

11.     As the Florida Supreme Court stated in *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120-21 (Fla. 1984)"

> "[t]he corporate entity is an accepted, well used and highly regarded form of organization in the economic life of our state and nation. As we said in *State ex rel. Continental Distilling Sales Co. v. Vocelle*, 1946, 158 Fla. 100, 27 So.2d 728, 'Their purpose is generally to limit liability and serve a business convenience.' **Those who utilize the laws of this state in order  to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it <u>be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose</u> which justifies piercing of the corporate veil.** This is the reason for the rule, stated in all Florida cases, that the courts are reluctant to pierce the corporate veil and will do so only in a court of competent jurisdiction, after notice to and full opportunity to be heard by all parties, and upon showing of cause which necessitates the corporate entity being disregarded in order to prevent some injustice."

12.     The Florida Supreme Court has imposed a strict standard upon those wishing to pierce a corporate veil. *Dania Jai-Alai*, 450 So.2d at 1121; *Seminole Boatyard, Inc. v. Christoph*, 715 So. 2d 987, 990 (Fla. 4th DCA 1998). The Plaintiff needs to show that the corporation was formed for an improper purpose or for improper conduct and has to plead three factors as set out in the case law. *Seminole Boatyard*, 715 So. 2d at 990.

13.     Unless a plaintiff pleads that the corporation was organized for an illegal purpose or that its members fraudulently used the corporation as a means of evading liability with respect to a transaction that was personal and not corporate, the corporate veil cannot be pierced. See, *Dania Jai-Alai*, 450 So. 2d at 1120. 29.

14.     As mentioned previously, the Agreement was between MVP and Clark

Pear LLC and the agreement was signed by representatives of both entities, MVP's representative being Derek Carlson and Clark Pear LLC's representative being Clark Pear. (See *Am. Complaint Ex. A* at 5).

15.     At all times relevant to the allegations made by Plaintiff, Derek Carlson was acting in his capacity as the broker of MVP Realty Associates, LLC, as evidenced by the classification of "Authorized Person" appearing beneath his signature, and thus, he is entitled to protection from individual liability absent a piercing of the corporate veil.

16.     Here, the Plaintiff did not bring an action to pierce the corporate veil (See *Am. Complaint*), nor has Plaintiff plead or will Plaintiff ever be able to plead the necessary requirements to justify the piercing of the MVP Realty Associates, LLC's corporate veil and thus, Plaintiff cannot state any cause of action against Derek Carlson in his individual capacity. See, *Seminole Boatyard*, 715 So. 2d at 990; *Aldea Communications, Inc. v. Gardner*, 725 So. 2d 456, 457 (Fla. 2d DCA 1999).

17.     Clark Pear LLC and its counsel, Thomas Neusom, Esq. have been provided "safe harbor" notice pursuant Fla. Stat. § 57.105. A copy of the notice is attached hereto as **Exhibit "A"**.

18.     The 21-day period for such safe harbor has expired and the offending Complaint has neither been withdrawn nor otherwise dismissed.

19.     Mr. Carlson is entitled to his reasonable attorney's fees, including prejudgment interest.

20.     Both Clark Pear LLC and its counsel are liable in equal amounts for reasonable attorney's fees and prejudgment interest for their willful violations of Fla. Stat. §57.105.

**WHEREFORE**, Defendant, DEREK CARLSON, respectfully request that this Honorable Court grant Carlson his reasonable attorney's fees and costs for having to defend a frivolous action, and all other remedies the Court deems just and proper under the law.

## VERIFICATION

Under penalties of perjury, I, **Derek Carlson**, declare that I have read the foregoing and that the facts stated in it are true to the best of my knowledge and belief.

_____
Derek Carlson

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been furnished via the Florida Court E-Filing Portal Florida Court to all counsel of record on _____.

## <u>CERTIFICATE OF SERVICE FOR SAFE HARBOR PERIOD</u>

I hereby certify that a true and correct copy of the foregoing was furnished via electronic mail, **<u>pursuant to Rule 2.516, Fla. R. Jud. Admin</u>**, to the below parties on April 18, 2023.

Thomas Neusom, Esq.
LAW OFFICE OF THOMAS G. NEUSOM, P.A. ATTORNEY AT LAW
<u>tgnoffice33@gmail.com</u>

Respectfully Submitted,

**NJ LAW PLLC**
*Counsel for Derek Carlson*
3411 Tamiami Trail N., Ste. 100
Naples, FL 34103
Tel: (239) 920-5228 / Fax: (239) 920-5289

By: <u>*/s/ Danielle Crowley*</u>
NABIL JOSEPH
Florida Bar Number: 1012159
Primary: <u>nabil@njlawflorida.com</u>
Service Email: <u>service@njlawflorida.com</u>
DANIELLE CROWLEY
Florida Bar Number: 1037776
Primary: <u>danielle@njlawflorida.com</u>
Service Email: <u>service-dc@njlawflorida.com</u>