IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

| | |
|---|---|
| CLARK PEAR LLC<br>　　　Plaintiff,<br>v.<br><br>MVP REALTY ASSOCIATES, LLC and<br>DEREK CARLSON.<br>　　　Defendant(s). | Case No. 2023-CA-000111<br>Judge: Lauren Brodie |

### DEFENDANT'S MOTION TO DISMISS OR,
### IN THE ALTERNATIVE, MOTION TO STRIKE

Defendant, **MVP REALTY ASSOCIATES, LLC** ("MVP"), a Florida Limited Liability Company, pursuant to Fla. R. Civ. P. 1.140, moves to dismiss the Plaintiff's, **CLARK PEAR LLC,** a Florida Limited Liability Company ("Pear"), 2nd AMENDED COMPLAINT (Dkt. # 69, May 26, 2023), for failure to state a cause of action as a result of the Plaintiff's omission of the instruments essential to its pleading or in the alternative, pursuant to Fla. R. Civ. P. 1.140(f) moves the Court to strike immaterial, impertinent and/or scandalous statements contained within Plaintiff's, 2nd AMENDED COMPLAINT (Dkt. # 69, May 26, 2023). In support thereof, MVP states the following:

### INTRODUCTION

1.　Plaintiff filed their first facially defective **one-count** *Complaint* (Dkt. 3) ("1st Complaint") on January 23, 2023.

2.　Thereafter, Derek Carlson filed *Defendant's Motion to Strike Plaintiff's Complaint and Motion to Quash Service* (Dkt. 12, Feb. 15, 2023) and MVP filed its *Motions to*

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **1** of **17**

FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK, 06/07/2023 01:12:17 PM

*Strike Plaintiff's Complaint; Quash Service; or, In the Alternative, For More Definite Statement; And to Compel Separate Statements of Claim* (Dkt. 15, Feb. 16, 2023) (hereinafter, collectively referred to as "Motions to Strike").

3. A hearing was held on March 13, 2023, on the Motions to Strike and the Court entered *Order on MVP's Motions to Strike Plaintiff's Complaint; Quash Service; or, In the Alternative, For More Definite Statement; And to Compel Separate Statements of Claim* (Dkt. 31, March 21, 2023) where the Court converted the Motion to Strike to a Motion to Dismiss and granted the motion.

4. Plaintiffs filed their *Amended Complaint* (Dkt. 3, Apr. 2, 2023) (hereinafter, "2nd Complaint") seeking damages for (a) breach of contract, (b) consequential damages, and (c) a revocation or suspension of Defendants' license under a statute that only authorizes the Florida Real Estate Commission to do such acts. (See *Am. Complaint* ¶¶ 33, 43, 56).

5. Thereafter, Derek Carlson filed *Motion to Dismiss All Counts Against Derek Carlson in his Individual Capacity* (Dkt. 33, Apr. 18, 2023) and MVP filed its *Amended Motion to Dismiss Complaint Against MVP* (Dkt. 35, Apr. 18, 2023) (hereinafter, collectively referred to as "Motions to Dismiss").

6. A hearing was held on May 17, 2023, on the Motions to Dismiss and the Court entered *Order on MVP's Amended Motion To Dismiss Complaint Against MVP And*

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **2** of **17**

*Motion To Dismiss All Counts Against Derek Carlson In His Individual Capacity* where the Court granted the Motions to Dismiss and allowed Plaintiff 10 days to file its 2nd Amended Complaint.

7. Plaintiff has now filed its *2nd Amended Complaint* (Dkt. 69, May 26, 2023) (hereinafter, "<u>3rd Complaint</u>") against <u>MVP only</u> and seeking damages for a purported breach of contract. (See *3rd Complaint*, ¶ 35).

## LEGAL ARGUMENT

### A. MOTION TO DISMISS THE 3RD COMPLAINT

#### a. CASE LAW

8. "For . . . purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff." *Swope Rodante, P.A. v. Harmon*, 85 So. 3d 508, 509 (Fla. 2d DCA 2012) (quoting *Wallace v. Dean*, 3 So. 3d 1035, 1042-43 (Fla. 2009)).

9. "A motion to dismiss tests the legal sufficiency of the complaint and does not determine factual issues." *Haskel Realty Grp., Inc. v. KB Tyrone, LLC*, 253 So. 3d 84, 85 (Fla. 2d DCA 2018) (quoting *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906, 908 (Fla. 2d DCA 2014)).

10. "To state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." *Havens v. Coast Fla., P.A.*, 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013) (citing Fla. R. Civ. P. 1.110(b)).

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **3** of **17**

11. Fla. R. Civ. P. 1.130(a) provides in part that "[a]ll … contracts, accounts, or documents on which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading."

12. "The purpose of rule 1.130(a) 'is to apprise the defendant of the nature and extent of the cause of action so that the defendant may plead with greater certainty.' *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 974, 975 (Fla. 1st DCA 1981) (citing *Sachse v. Tampa Music Co.*, 262 So. 2d 17, 19 (Fla. 2d DCA 1972)).

13. "A complaint based on a written instrument does not state a cause of action until the instrument or an adequate portion thereof, is attached to or incorporated in the complaint." *Glen Garron, LLC v. Buchwald*, 210 So. 3d 229, 233 (Fla. 5th DCA 2017) (quoting *Contractors Unlimited, Inc. v. Nortrax Equip. Co. Se.*, 833 So. 2d 286, 288 (Fla. 5th DCA 2006)).

14. "Rule 1.130 does not require attachment of the entire contract, but only the attachment or the incorporation into the pleading of the material portions of the contract on which the action is based." *Id.*

      b. **PLAINTIFF HAS FAILED TO ATTACH ALL NECESSARY CONTRACTS**

15. On or around December of 2021, the Plaintiff and MVP purportedly entered into an *Assignment of Claims Agreement* (hereinafter, "<u>Assignment</u>") attached to the Plaintiff's Complaint as Exhibit A. (See 3rd *Complaint*, Ex. A).

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **4** of 17

16. The Assignment sought to assign MVP's rights under those certain listing agreements between MVP and certain Sellers, which required, among other things, for the Seller to remit a commission to the Broker if the Broker or its Agent brought a "ready, willing and able Buyer" and Seller refused to consummate the transaction, as referenced in the Assignment. (See *3rd Complaint*, Ex. A).

17. The underlying premise of Count 1 of the 3rd Complaint is based on the alleged breach of the Assignment by MVP for not pursuing purportedly valid claims that MVP purported had under the listing agreements as a result of a Seller's refusal to consummate a real estate transaction referenced in the Assignment. (See *3rd Complaint*, Ex. A).

18. These certain listing agreements and corresponding sales contracts are referenced in the Assignment and are essential documents and instruments to this matter because there must be a determination whether MVP even had a valid cause of action under the listing agreements prior to the determination of whether MVP breached the Assignment. (See *3rd Complaint*, Ex. A).

19. These listing agreements are essential components to a set of documents and instruments composing the Assignment and all of which are essential the Plaintiff's cause of action and are necessary for MVP to prepare and formalize its response.

20. Accordingly, the operative documents for the Assignment in this dispute

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **5** of **17**

comprise of the *Assignment of Claim Agreement* attached to the Plaintiff's 3rd Complaint as Exhibit A, but also the listing agreements, specifically:

    a. *"Seller(s)' Brokerage in Sales Contract (Residential Improved Property) dated November 6, 2021, and/or its corresponding listing agreement(s) involving 840 Meadowland Drive Unit 11-1, Naples, FL [34]108 that did not close despite ready willing and able buyer(s)"* (See 3rd Complaint, Ex. A at 2)

    b. *"Seller(s)' Brokerage in Commercial Contract offer dated December 2, 2023, corresponding listing agreement(s), and/or other contracts or offers involving 1348 Highlands Drive, Naples, FL 34103, 1358 Highlands Drive, Naples, FL 34103, 1097 Highlands Drive, Naples, FL 34103, 1290 Highlands Drive, Naples, FL 34103, 1312 Highlands Drive, Naples, FL 3410 and/or 1072 Highlands Drive, Naples, FL 34103 that did not close despite ready, willing, and able buyer(s)"* (See 3rd Complaint, Ex. A at 2)

    c. *"Transaction Brokerage in Commercial Contract dated November 6, 2021, corresponding listing agreement(s), commission agreements (including any and all of the 21 parcels contained within) and/or other contracts or offers involving approximately 4.33 acres on or near 292 Capri Blvd in Naples, FL that did not close despite ready, willing and able buyer(s)."* (See 3rd Complaint, Ex. A at 2)

21.    "The rule is clear that when a writing expressly refers to and sufficiently describes another document … the other document is to be interpreted as part of the writing. *Comput. Sales Int'l v. State Dep't of Rev.*, 656 So. 2d 1382, 1384 (Fla. 1st DCA 1995) (citing *Woodard Tire Co. v. Hartley Realty Inc.*, 596 So. 2d 1114 (Fla. 3d DCA)).[1]

22.    It should be noted that these listing agreements were previously attached to prior Complaints filed by the Plaintiff, but the Plaintiff included additional and unnecessary information with said listing agreements. (See *2nd Complaint, 1st Complaint*).

---

[1] Review denied, 605 So. 2d 1264 (Fla. 1992).

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **6** of **17**

23. Therefore, Count 1 fails to state a cause of action because of the omission of listing agreements and corresponding contracts, incorporated into and made part of the Assignment, does not satisfy the requirements of Fla. R. Civ. P. 1.130(b), for which dismissal is proper.

### B. IN THE ALTERNATIVE, MOTION TO STRIKE PORTIONS OF THE 3RD COMPLAINT

#### a. CASE LAW

24. It is fundamental that a complaint must state a cause of action and shall contain, in addition to the grounds for the court's jurisdiction and a demand for relief, "a short and plain statement of the **ultimate facts** showing that the pleader is entitled to relief." Fla. R. Civ. P. 1.110 (emphasis added).

25. Pursuant to Fla. R. Civ. P. 1.140 (f), "[a] party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time." A motion to strike material from a pleading as redundant, immaterial, or scandalous should be granted if the material is wholly irrelevant and can have no bearing in equities and no influence on the decision. *Rice-Lamar v. City of Fort Lauderdale*, 853 So. 2d 1125, 1133 (Fla. 4th DCA 2003).

26. It is not error for the trial court to strike portions of a complaint that are either vague and indefinite, largely repetitive of allegations contained elsewhere, or amounting to nothing more than legal conclusions of the pleader. *Danese v. Holley*, 159

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **7** of 17

So. 2d 667, 668 (Fla. 1st DCA 1964).

27. Courts have long recognized motions to strike as an appropriate vehicle to remedy pleading defects such as redundant, immaterial, impertinent, scandalous, or sham matter. *Pentecostal Holiness Church, Inc. v. Mauney*, 270 So. 2d 762, 769 (Fla. 4th DCA 1972).

28. Courts have routinely stricken entire complaints or portions of same that contain surplusage, irrelevant statements, and bare facts that are extraneous to the claims asserted in the complaint. See *Harrell v. Hess Oil & Chem. Corp.*, 287 So. 2d 291, 294 (Fla. 1973) ("[I]f a complaint, taken as a whole, stated a cause of action, it should not be dismissed, but extraneous portions of the complaint should be treated as surplusage."); *Balbontin v. Porias*, 215 So. 2d 732, 734 (Fla. 1968) (If amended complaint as a whole or in any part stated a cause of action, though remaining parts violated spirit and intent of rules of pleading, remaining parts could be considered as surplusage, and plaintiff may be required to amend complaint to eliminate specific irrelevancies or certain evidentiary allegations or improper conclusions).

29. Where a litigant asserts factual allegations in a proceeding which have nothing to do with the actual dispute, but instead only serve to embarrass, detract, and vilify the opposing party, those allegations should be stricken under the rule. See, e.g., *Rice-Lamar v. City of Ft. Lauderdale*, 853 So. 2d 1125, 1128 (Fla. 4th DCA 2003) (Allegations

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **8** of 17

Case 2:23-cv-00503-JLB-NPM   Document 1-5   Filed 07/07/23   Page 9 of 17 PageID 61

in Whistleblower Complaint that described an unrelated shooting and suicide incident involving city employees were irrelevant and immaterial, subject to striking under Rule 1.140(f)).

30. Plaintiffs offer several scandalous, impertinent, and immaterial statements and allegations that are outrageous and inflammatory; such statements and allegations are entirely irrelevant to Plaintiffs' causes of action and serve no purpose other than to attempt to prejudice the trier of fact in Plaintiffs' favor. As discussed in the following section, this material is surplusage and should be stricken from the Amended Complaint pursuant to Fla. R. Civ. P. 1.140(f).

    a. **REFERENCES TO ALTER EGO, PIERCING CORPORATE VEIL, AND MR. DEREK CARLSON**

31. Within the Plaintiff's 3rd Complaint, Plaintiff makes numerous representations regarding Mr. Carlson stating (1) Mr. Carlson committed fraud, (2) misrepresenting facts regarding Mr. Carlson, (3) Mr. Carlson is an alter ego of MVP and (4) references piercing MVP's corporate veil.

32. Despite Plaintiff making these representations, Mr. Carlson is not a party to the 3rd Complaint, Plaintiff has not brought an action for alter ego or piercing MVP's corporate veil or a cause of action for fraud against MVP or Derek Carlson.

33. As a result of the foregoing, these representations amount to nothing more than legal conclusions, wholly irrelevant to the matter, has no bearing on the equities and

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **9** of **17**

no influence on the outcome of the matter, specifically:

a. <u>Paragraph 5</u>. The Plaintiff represents Derek Carlson **and** MVP both entered into an Agreement with Clark Pear LLC. (3rd Complaint, ¶5). The Agreement is attached to Plaintiff's 3rd Complaint as Exhibit "A". However, as evidenced by the contract, the Agreement is strictly between MVP and Clark Pear LLC. (See *3rd Complaint*, Ex. A). Derek Carlson is not a party to the Agreement nor did Derek Carlson execute the agreement in his personal capacity so this representation is false and can have no bearing on the matter. Moreover, Plaintiff's own representations within the Complaint further evince Mr. Carlson executed the Agreement on behalf of MVP. (See *3rd Complaint*, ¶14, 16).

b. <u>Paragraph 6</u>. The Plaintiff represents Derek Carlson **and** MVP entered into the Commercial Listing Agreements and "As Is" Residential Listing Agreements. (3rd Complaint, ¶ 6). Although not attached to the 3rd Complaint, Plaintiff previously attached copies of all agreement to the 1st Complaint and 2nd Complaint as Exhibit B. (See *1st Complaint*, Ex. B; *2nd Complaint*, Ex. B). A true and correct copies of the agreements are attached to this Motion as **Composite Exhibit "A".** As evidenced by the Contracts, the Contracts are between the Sellers, 34102 Investments LLC, and MVP. Derek Carlson is not a party to the Contract nor did Derek Carlson execute the Agreement in his personal capacity so this representation is false and can have no bearing on the matter.

c. <u>Paragraph 7</u>. The Plaintiff represents Derek Carlson **and** MVP entered into the Listing Agreement with Buoy I LLC and Grinder Revocable Trust. (3rd Complaint, ¶ 7). Although not attached to the 3rd Complaint, Plaintiff

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **10** of **17**

previously attached copies of this agreement to the 1st Complaint and 2nd Complaint as Exhibit C. (See *1st Complaint*, Ex. C; *2nd Complaint*, Ex. C). A true and correct copies of the agreements are attached to this Motion as **Exhibit "B"**. As evidenced by the Contracts, the Contracts are between the Sellers and MVP. Derek Carlson is not a party to the Contracts nor did Derek Carlson execute the Agreement in his personal capacity so this representation is false and can have no bearing on the matter.

    d. <u>Paragraph 8.</u> The Plaintiff represents Derek Carlson **and** MVP entered into the Listing Agreement with Lake Jefferson LLC. (3rd Complaint, ¶ 8). Although not attached to the 3rd Complaint, Plaintiff previously attached copies of this agreement to the 1st Complaint and 2nd Complaint as Exhibit D. (See *1st Complaint*, Ex. D; *2nd Complaint*, Ex. D). A true and correct copies of the agreements are attached to this Motion as **Exhibit "C"**. As evidenced by the Contracts, the Contracts are between the Sellers and MVP. Derek Carlson is not a party to the Contracts nor did Derek Carlson execute the Agreement in his personal capacity so this representation is false and can have no bearing on the matter.

    e. <u>Paragraph 15</u>. The Plaintiff again represents that he entered into the Assignment Agreement attached to the Complaint as Exhibit A, *"<u>with Carlson and Defendant for the pursuit of claims</u> . . .".* (3rd Complaint, ¶ 15). However, and again, as evidenced by the Agreement, Derek Carlson is not a party to the Agreement nor did Derek Carlson execute the agreement in his personal capacity so this representation is false and can have no bearing on the matter. Moreover, Plaintiff's own representations within the Complaint further evince Mr. Carlson executed the Agreement on behalf of MVP. (See *3rd Complaint*, ¶¶14, 16).

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **11** of **17**

    f. <u>Paragraph 17.</u> In Paragraph 17, Plaintiff states, *"Defendant, through its alter ego, Carlson, refused to cooperate with Plaintiff . . ."*. (3rd Complaint ¶ 17). However, Plaintiff has not brought an action to pierce the corporate veil/alter ego nor has Plaintiff brought a cause of action against Mr. Carlson in his personal capacity. Therefore, the reference that the Defendant, through its "alter ego" Mr. Carlson, is immaterial, impertinent, and scandalous.

    g. <u>Paragraph 18</u>. In Paragraph 18, the Plaintiff recites case law regarding piercing the corporate veil and states he can sue Carlson, but again has not brought an action to piece the corporate veil or against a person individually. Moreover, the Plaintiff states that MVP and Carlson committed *"fraud"*. These allegations only serve to embarrass, detract, and vilify not only the Defendant but also Mr. Carlson. (3rd Complaint, ¶ 18). Therefore, this information is immaterial, impertinent, scandalous, and can have no bearing on the matter unless or until the Plaintiff brings a proper cause of action for the same.

    h. <u>Paragraph 30</u>. Plaintiff states in Paragraph 30, *"Defendant, through its alter ego, Carlson, refused to cooperate"*, but again, Plaintiff has not brought an action to piece the corporate veil or against a person individually. Therefore, this reference to the Defendant's *"alter ego"* is immaterial, impertinent, scandalous, and can have no bearing on the matter unless or until the Plaintiff brings a proper cause of action for the same.

    i. <u>Paragraph 35</u>. Once again, the Plaintiff references Mr. Carlson as the alter ego of MVP and states *"Defendant through its alter ego Carlson failed to perform the obligations laid out within the agreement*[.]*"* (3rd Complaint ¶ 35). Again, Plaintiff has not brought an action to piece the corporate veil or against a person individually. Therefore, this reference to the Defendant's "alter ego"

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **12** of **17**

is immaterial, impertinent, scandalous, and can have no bearing on the matter unless or until the Plaintiff brings a proper cause of action for the same.

j. <u>Paragraph 37</u>. In Paragraph 37, among other things, the Plaintiff recites case law regarding piercing the corporate veil and states *"Plaintiff can pierce the corporate veil if the officer committed fraud or perpetuated a wrong and Derek Carlson did both."* Again, the Plaintiff has not brought an action to piece the corporate veil or brought an action against Mr. Carlson individually. Moreover, the Plaintiff states that Carlson committed *"fraud"* and *"perpetuated a wrong"*. (3rd Complaint ¶ 37). These allegations only serve to embarrass, detract, and vilify Mr. Carlson. (3rd Complaint, ¶ 37). Therefore, this information is immaterial, impertinent, scandalous, and can have no bearing on the matter unless or until the Plaintiff brings a proper cause of action for the same.

k. <u>Paragraph 43</u>. In Paragraph 43, Plaintiff states, *"Defendant and its alter ego Carlson's, action of failure to perform duty, and breach of obligation of the Defendant towards the Plaintiff, have caused this lawsuit to be filed."* Again, Plaintiff has not brought an action to piece the corporate veil or against a person individually. Therefore, this reference to the Defendant's "alter ego" is immaterial, impertinent, scandalous, and can have no bearing on the matter unless or until the Plaintiff brings a proper cause of action for the same.

l. <u>Paragraph 44</u>. In Paragraph 44, among other things, the Plaintiff recites the same case law regarding piercing the corporate veil and states *"Plaintiff can pierce the corporate veil if the officer committed fraud or perpetuated a wrong and Derek Carlson did both."* Again, the Plaintiff has not brought an action to

MVP'S Motion to Dismiss or Alternatively Motion to Strike
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **13** of 17

piece the corporate veil or brought an action against Mr. Carlson individually. Moreover, the Plaintiff states that Carlson committed "fraud" and "perpetuated a wrong". (3rd Complaint ¶ 44). These allegations only serve to embarrass, detract, and vilify Mr. Carlson. (3rd Complaint, ¶ 44). Therefore, this information is immaterial, impertinent, scandalous, and can have no bearing on the matter unless or until the Plaintiff brings a proper cause of action for the same.

34. As stated, these referenced representations and statements contained within the referenced paragraphs amount to nothing more than legal conclusions, wholly irrelevant to the matter, has no bearing on the equities and no influence on the outcome of the matter and should therefore be stricken from the 3rd Complaint.

### b. REQUEST FOR ATTORNEYS' FEES

35. Plaintiff's 3rd Complaint seeks a judgment against the Defendant for their purported breach of the Contract attached to Plaintiff's 3rd Complaint as Exhibit A. Plaintiff also demands reimbursement of its costs and attorney's fees.

36. It is axiomatic that under Florida law, attorney's fees incurred while prosecuting or defending a claim are not recoverable in the absence of a statute or contractual agreement authorizing the recovery. *Price v. Tyler*, 890 So.2d 246; *Bidon v. Department of Professional Regulation*, 596 So.2d 450, 452 (Fla. 1992). Stated conversely, the general rule under Florida law is that each party generally bears its own attorneys' fees unless a contract or statute provides otherwise. *Peppers' Steel & Alloys, Inc. v. United States,*

MVP'S Motion to Dismiss or Alternatively Motion to Strike
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **14** of 17

850 So.2d 462 (Fla. 2003).

37.　There is no contract cited to or attached to the Plaintiff's 3rd Complaint which provides for the recovery of fees. Likewise, Plaintiff cites to no statute allowing for the recovery of fees.

38.　As such, the attorney's fees claim included in the 3rd Complaint are a legal fiction which must be stricken as a matter of law.

### c. RELIEF REQUESTED

39.　Courts have routinely stricken entire complaints or portions of same that contain surplusage, irrelevant statements, and bare facts that are extraneous to the claims asserted in the complaint. See *Harrell v. Hess Oil & Chem. Corp.*, 287 So. 2d 291, 294 (Fla. 1973) ("[I]f a complaint, taken as a whole, stated a cause of action, it should not be dismissed, but extraneous portions of the complaint should be treated as surplusage."); *Balbontin v. Porias*, 215 So. 2d 732, 734 (Fla. 1968) (If amended complaint as a whole or in any part stated a cause of action, though remaining parts violated spirit and intent of rules of pleading, remaining parts could be considered as surplusage, and plaintiff may be required to amend complaint to eliminate specific irrelevancies or certain evidentiary allegations or improper conclusions).

40.　As fully detailed in this motion, of the 46 paragraphs plead by the Plaintiff, the Defendant is seeking to strike 13 paragraphs or portions of paragraphs. This equates to around 30% of the Plaintiff's Complaint.

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **15** of **17**

41. As a result of the foregoing and so much information needing to be struck from the Plaintiff's 3rd Complaint, the Defendant is requesting for the Court to issue an order requiring the Plaintiff to amend its Complaint and remove all stricken references/paragraphs, specifically representations regarding (1) Mr. Carlson purportedly committing fraud, (2) misrepresenting facts regarding Mr. Carlson, (3) stating Mr. Carlson is an alter ego of MVP and (4) references to piercing MVP's corporate veil.

**WHEREFORE,** the Defendant, MVP Realty Associates, LLC respectfully requests this honorable Court issue an order dismissal the Plaintiff's *2nd Amended Complaint* or in the alternative enter an order striking the above referenced portions of the 3rd Complaint, requiring Plaintiff to amend its Complaint and removing the stricken portions, award the Defendant its attorney's fees and costs for bringing this motion, and any other relief the Court deems is just and proper.

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished via the Florida Court E-Filing Portal Florida Court to Thomas Neusom (tgnoffice34@gmail.com) on June 7, 2023.

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **16** of **17**

| | |
|---|---|
| Respectfully Submitted, | **NJ LAW PLLC** |
| | *Counsel for MVP Realty Associates, LLC* |
| | 3411 Tamiami Trail N., Ste. 100 |
| | Naples, FL 34103 |
| | Tel: (239) 920-5228 / Fax: (239) 920-5289 |
| | |
| | By: */s/ Danielle Crowley* |
| | NABIL JOSEPH |
| | Florida Bar Number: 1012159 |
| | Primary: nabil@njlawflorida.com |
| | Service Email: service@njlawflorida.com |
| | DANIELLE CROWLEY |
| | Florida Bar Number: 1037776 |
| | Primary: danielle@njlawflorida.com |
| | Service Email: service-dc@njlawflorida.com |

*MVP'S Motion to Dismiss or Alternatively Motion to Strike*
23-CA-111 – Clark Pear LLC v. MVP Realty Associates, LLC et al.
Page **17** of **17**