## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CLARK PEAR LLC,
                    Plaintiff,

-vs-                                          Case No. 2:23-cv-00503-JLB-NPM

MVP REALTY ASSOCIATES, LLC,
                    Defendant.

## MVP'S MOTION TO (1) REMAND FOR LACK OF SUBJECT MATTER JURISDICTION, (2) FOR AN AWARD OF ATTORNEY'S FEES AND COSTS, AND (3) FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE SANCTIONED FOR VEXATIOUS AND DILATORY TACTICS

MVP REALTY ASSOCIATES, LLC, a Florida limited liability company ("MVP"), pursuant to 28 U.S.C. § 1447, respectfully moves the Court for an order remanding the case for lack of subject matter jurisdiction, for an award of attorney's fees and costs, and for an order to show cause why the plaintiff should not be sanctioned for vexatious litigation tactics. In support thereof, MVP states as follows:

### GENERAL INTRODUCTION

1.      In an improper attempt to delay the state court proceedings in the present matter, Clark Pear removed the state court action under the original Notice of Removal (Doc. 1) that is facially defective and does not provide this Court with subject matter jurisdiction. Such dilatory, vexatious and frivolous litigation tactics

were employed in the state court action[1] to no success and when such actions were

ready to be addressed by the 20th Judicial Circuit Court, Clark Pear improperly

deprived the state court of jurisdiction by removing the action to this court and

forestalling the resolution of the state court action that Clark Pear initiation.

2.     On July 7, 2023, Clark Pear LLC filed its Notice of Removal identifying

itself as the Plaintiff/Counter-Defendant and MVP as the Defendant/Counter-

Defendant based on the following:

> Plaintiff is removing this action to Federal Court for the Middle
> District of Florida. Removal is permitted do [sic] a 57.105 Letter and
> Motion which is a form of Counterclaim. Due to a Counterclaim being
> filed Plaintiff Pear was made a Defendant through a continuing
> process, which will allow him to qualify as to timeliness.

> 2. There are numerous federal questions, but the primary one is the
> Constitutionality of Florida Statute 57.105.

(Doc. 1 at 1); see also *Order to Show Cause* (Doc. 18 at 2).

3.     On July 12, 2023, Defendant MVP filed its Notice of Non-Compliance

and Request Upon Plaintiff to File all Papers Docketed in State Court (Doc. 8)

---

[1] The same concerns were raised by MVP's counsel in the state court action and set forth in MVP'S Verified
Motion for an Order to Show Cause as to Why the Plaintiff's Counsel Should Not Be Sanctioned for Such
Conduct and Interfering in the State Court's Administration of Justice at ¶1, Case No. 2023-CA-111, Dkt.
No. 84, filed July 7, 2023.

[hereinafter, "<u>Notice of Non-Compliance</u>"] based on Clark Pear LLC's failure to comply with M.D. Fla. 1.06(b).

4. On July 24, 2023, the Court entered an Order to Show Cause (Doc. 18) [hereafter, the "<u>Show Cause Order</u>"] addressing the following deficiencies and defects with the attempted removal:

     a. failure to comply with M.D. Fla. 1.06(b) and striking Clark Pear's document titled "Unilateral Case Management Report" as result thereof;

     b. for having failed "to properly invoke this court's subject-matter jurisdiction"; and

     c. ordering that "**By August 7, 2023, Clark Pear must file either a voluntary notice of remand or a supplemental notice of removal showing cause why the court has jurisdiction** despite the authorities cited above."

(Doc. 18) (emphasis added in bold).

5. The Show Cause Order further reminded Clark Pear "that a remand order may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447" (Doc. 18, fn. 2).

6. On August 1, 2023, Clark Pear filed an "*Amended Supplementary Removal*" (Doc. 20) rearguing and restating, in essence, the same grounds that the Court had already deemed to be insufficient and deficient in the Show Cause Order, and further added improper and baseless remarks and suggestions of

discrimination under the Equal Protection Clause, First Amendment concerns, Due Process violations, and apparently "On top of that, the Jude [sic] yelled at and was stern with Neusom who was a minority from out of town, while she was kind and considerate to MVP's local Counsel who she seemed to know."

7.     This Amended Supplementary Removal also contained a 721-page exhibit (Doc. 20-1) which is a compilation of state-court documents—even though the Show Cause Order stated specifically that "Clark Pear must file each state court paper as a separate, properly labeled exhibit to its notice of removal" (Doc. 18 at 1).

## I.     History of Improper Removal Attempts and Notice of the Same to Clark Pear's Counsel

8.     Starting on June 28, 2023, Clark Pear and his counsel started filing various Notices of Removal in the state court action to avoid attending a hearing scheduled on MVP's Motions to Dismiss, Plaintiff, Clark Pear's own Motions to Transfer and Change of Venue Motions. See *Notice of Removal* filed in 2023-CA-111, Dkt. No. 79, attached hereto as **Exhibit 1** (the "First Removal Notice"); *Order Setting Hearing*, 2023-CA-111, entered Jun 29, 2023, Dkt. No. 80, attached hereto as **Exhibit 2.**

9.      The First Removal Notice was defective in that it failed to comply with the statutory requirements of 28 U.S.C. 1441 in each and every respect but primarily because it was never filed in the Federal Court prior it it's filing in the State Case.

10.      On July 1, 2023, a **second** Notice of Removal was filed by Clark Pear in the state court action stating "that Plaintiff is removing this action to Federal Court for the <u>**Southern**</u> District of Florida." See *Notice of Removal* filed in 2023-CA-111, Dkt No 82, attached hereto as **Exhibit 3** (the "<u>Second Removal Notice</u>").

11.      On July 5, 2023, MVP's counsel having been unable to locate the removal action in either of the district courts identified in the First and Second Removal Notice made an inquiry to Clark Pear's counsel regarding the identification of the Federal District Court where Clark Pear has removed the action to. A true and correct copy of this *email correspondence* is attached hereto as **Exhibit 4** and incorporated herein.

12.      On July 6, 2023, a **third** Notice of Removal was filed by Clark Pear in the state court action stating "that Plaintiff is removing this action to Federal Court for the <u>**Middle**</u> District of Florida." See *Notice of Removal* filed in 2023-CA-111, Dkt No 83, attached hereto as **Exhibit 5** (the "<u>Third Removal Notice</u>").

13.     Upon receiving the Third Removal Notice, on **July 7, 2023**, Clark Pear's counsel having frustrated MVP and its counsel by his actions, MVP filed a *VERIFIED MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY THE PLAINTIFF'S COUNSEL SHOULD NOT BE SANCTIONED FOR SUCH CONDUCT AND INTERFERING IN THE STATE COURT'S ADMINISTRATION OF JUSTICE*, 2023-CA-111, Dkt. No. 84, a true correct copy of which is attached hereto as **Exhibit 6.**

14.     Perhaps as a consequence of the Motion to Show Cause filed in the state court or by design of Clark Pear's counsel—finally, on July 7, 2023, Clark Pear filed his Notice of Removal (Doc. 1) in the instant matter.

15.     On July 9, 2023, the penultimate and Fourth Notice of Removal was filed by Clark Pear in the state court action, while still defective, it at least identified the case number assigned to the removal action by the Clerk of Court for the Middle District of Florida. See *Notice of Removal* filed in 2023-CA-111, Dkt No 85, attached hereto as **Exhibit 7** (the "Fourth Removal Notice").

## II.   Relevant Procedural Background: State Court Litigation

16.     As stated above, the State Case was commenced by Clark Pear LLC and Clark Pear. Upon removal, Plaintiff Clark Pear LLC removed the case to this Court without its co-plaintiff Clark Pear, and further failed to join one of the original co-defendants, Derek Carlson.

17.     Plaintiff filed their first facially defective **one-count** *Complaint* ("1st

Complaint") in the Circuit Court for the 20th Judicial Circuit, In and For Collier

County under case number 2023-CA-111 (hereinafter referred to as the "State

Case") under docket entry number three (3) on January 23, 2023.

18.     Thereafter, in the State Case, Derek Carlson filed *Defendant's Motion

to Strike Plaintiff's Complaint and Motion to Quash Service* (State Case; Dkt. 12, Feb.

15, 2023) and MVP filed its *Motions to Strike Plaintiff's Complaint; Quash Service; or,

In the Alternative, For More Definite Statement; And to Compel Separate Statements of

Claim* (State Case; Dkt. 15, Feb. 16, 2023) (hereinafter, collectively referred to as

"Motions to Strike").

19.     A hearing was held in the State Case on March 13, 2023, on the

Motions to Strike and the Court entered *Order on MVP's Motions to Strike Plaintiff's

Complaint; Quash Service; or, In the Alternative, For More Definite Statement; And to

Compel Separate Statements of Claim* (State Case; Dkt. 31, March 21, 2023) where the

Court converted the Motion to Strike to a Motion to Dismiss and granted the

motion.

20.     Plaintiffs filed their *Amended Complaint* (State Case; Dkt. 3, Apr. 2,

2023) (hereinafter, "2nd Complaint") in the State Case, seeking damages for (a)

breach of contract, (b) consequential damages, and (c) a revocation or suspension of Defendants' license under a statute that only authorizes the Florida Real Estate Commission to do such acts. (State Case; See *Am. Complaint* ¶¶ 33, 43, 56).

21.     Thereafter, Derek Carlson filed *Motion to Dismiss All Counts Against Derek Carlson in his Individual Capacity* (State Case; Dkt. 33, Apr. 18, 2023) and MVP filed its *Amended Motion to Dismiss Complaint Against MVP* (State Case; Dkt. 35, Apr. 18, 2023) (hereinafter, collectively referred to as "<u>Motions to Dismiss</u>").

22.     A hearing was held on May 17, 2023, on the Motions to Dismiss and the court entered its *Order on MVP's Amended Motion to Dismiss Complaint Against MVP And Motion to Dismiss All Counts Against Derek Carlson in His Individual Capacity* granting the Motions to Dismiss and allowed Plaintiffs 10 days to file its 2nd Amended Complaint.

23.     Subsequently, Plaintiffs filed its *2nd Amended Complaint* (State Case; Dkt. 69, May 26, 2023) (hereinafter, "<u>3[rd] Complaint</u>") against <u>MVP only</u> and seeking damages for a purported breach of contract. (State Case; See *3rd Complaint*, ¶ 35) and subsequent to the 3rd Complaint filed its *Affidavit and Motion to Transfer Venue* (State Case; Dkt. 74, June 10, 2023) (hereinafter, "<u>Mot. Trans. Venue</u>") seeking to change the Venue from Collier County, Florida to Palm Beach County,

Florida and has also filed its Mot. For Default against MVP (State Case; Dkt. 76, June 14, 2023).

24.     As a result of Plaintiffs having improperly joined Carlson as a co-defendant and as a result of the frivolous causes of action filed against Derek Carlson, Carlson served a motion for sanctions upon the Plaintiffs under Fla. Stat. 57.105 and triggered the 21-day safe harbor period. The Plaintiffs chose to avail themselves of the 21-day safe harbor period and change course to avoid sanctions and the ultimate filing of the motion for sanctions. As a result of such disregard by the Plaintiffs, *Carlson's Verified Motion for Sanctions Against Clark Pear LLC and His Counsel under F.S. 57.105* (State Case; Dkt. 48, May 10, 2023) ("57.105 Motion") was filed in the State Case.

25.     The foregoing 57.105 Motion forms the underlying basis of the Plaintiff's contention that an unresolved and pending 57.105 motion can somehow be deemed a counterclaim over which the Federal Courts have jurisdiction.

## III.    This Court's Order to Show Cause

26.     The Court issued an *Order to Show Cause* (Dkt. 18) and informed Plaintiff that a counterclaim, including a motion for sanctions, does not give a Plaintiff "defendant" status to remove the case to Federal Court and informed

Plaintiff that he must refile his notice of removal showing cause as to why the court has jurisdiction despite the authorities cited within the Courts order.

27.     Despite the very clear instructions contained within the Order, Clark Pear LLC refiled *Clark Pear, LLC Amended Supplementary Removal* (Dkt. 20) (hereinafter, "<u>Amended Removal</u>") and stated this Court has jurisdiction over this matter over purported federal questions regarding the 57.105 Motion.

28.     Furthermore, Clark Pear LLC wrongfully states that the Motion belongs to MVP which is wholly inaccurate as Derek Carlson filed the 57.105 Motion in his individual capacity (Dkt. 20).

29.     Moreover, Clark Pear LLC has not made Derek Carlson a party to action in the Federal Court and MVP did not join into the Motion for Sanctions.

## IV.   Clark Pear's History of Abusing the Removal Process, citing non-existent Judicial Opinions or Misrepresenting the Cited Cases, and Willfulness of Such Conduct

30.     Clark Pear's dilatory tactics to deprive and forestall state court actions are not unique to the instant lawsuit. In fact, a similar dilatory removal of a state court action to the Middle District of Florida is exemplified in the Notice of Removal, Doc. 1., filed in 2:23-cv-00576-JLB-NPM wherein Clark Pear in his individual capacity has removed a landlord tenant eviction to the Middle District to delay and hinder the state court proceedings.

31.    In addition to the dilatory tactics, Clark Pear and his counsel have a history of citing non-existent cases or misrepresenting what the cited case actually stands for. The undersigned counsel's office requested Clark Pear's counsel to furnish full text versions of certain specifically enumerated cases that were cited by Clark Pear's counsel. In response to which, Clark Pear's counsel provided non-responsive and evasive answers to a simple request for the cited authorities. A true and correct copy of the email exchange regarding the same is attached hereto as **Exhibit 8**.

## <u>MEMORANDUM OF LAW</u>

### A. MOTION FOR REMAND AND MOTION FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1447

MVP, pursuant to 28 U.S.C. § 1447(c), moves to remand this case to state court and for an award of attorney's fees for lack of subject matter jurisdiction, which is evident on the face of Plaintiff's very own *Notice of Removal of Action Under 28 U.S.C. §1441 (A)-Federal Question Notice of Removal* (Doc. 1) and the subsequent *Amended Supplementary Removal* (Dkt. 20).

As the plaintiff, Clark Pear was the master of his complaint and lawsuit against MVP, Clark Pear chose the forum and venue and filed the lawsuit in the

20th Judicial Circuit, Collier County Florida. In <u>Caterpillar Inc. v. Williams</u>, the

Supreme Court clarified in no uncertain terms that:

> Only state-court actions that originally could have been filed in federal court
> **may be removed to federal court by the <u>defendant</u>**. Absent, federal-
> question jurisdiction is required. The presence or absence of federal-
> question jurisdiction is governed by the "well-pleaded complaint rule,"
> which provides that federal jurisdiction exists only when a federal question
> is presented on the face of the plaintiff's properly pleaded complaint. **The
> rule makes the plaintiff the master of the claim; he or she may avoid
> federal jurisdiction by exclusive reliance on state law**."

<u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Here, and as already stated

by this Court in its Order to Show Cause, Clark Pear is not the defendant in the

state court action and his notice of removal is facially defective and this court lack

subject matter jurisdiction (Doc. 18 at 2-3)

As this Court does not have subject matter jurisdiction, remand is required.

28 U.S.C. §1447(c) states that "[i]f at any time before final judgment it appears that

the district court lacks subject matter jurisdiction, the case shall be remanded."

Courts employ a strong presumption against removal. <u>Essex Portfolio, LP v.</u>

<u>Taylor</u>, 2020 WL 1331052, at *1 (C.D. Cal. Mar. 19, 2020). Further, removal statutes

are construed narrowly with all uncertainties resolved in favor of remand.

<u>McClean v. Scopelliti</u>, 2019 WL 7047245, at *1 (M.D. Fla. Dec. 23, 2019) [citing

<u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002)]. Additionally, "Courts

have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). Further the removing party bears the burden of proving subject matter jurisdiction exists by a preponderance of the evidence. Clark Pear's Amended Supplemental Removal filing fails to show cause why this court can assert jurisdiction. As a result of the foregoing failure to show cause and application of the foregoing tenets of subject matter jurisdiction, this case must be remanded.

"Courts may award fees and costs incurred as a result of removal 'where the removing party lacked an objectively reasonable basis for seeking removal.' This test recognizes the 'desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party.' Removal is objectionably unreasonable where 'removal had no basis under the law or facts.'" Koncept Properties Inc. v. Scopelliti, 627 F. Supp. 3d 1282, 1287 (M.D. Fla. 2022) (internal citations omitted). Here, it is clear that Clark Pear never had a reasonable basis for seeking removal based on the statements of Clark Pear as set forth in the Notice of Removal (Doc. 1) Amended Supplementary Removal (Doc 20), all of which state that Clark Pear never had a legal or factual basis for removal but other than his discontent for Fla. Stat. 57.105. Moreover, Clark Pear's willful and purposeful bad-

faith basis for removing the action to the Federal Court is exemplified by its disregard of the Show Cause Order and the email correspondence from MVP's counsel warning that its actions in law are unfounded in law and fact.

MVP respectfully requests that this Court remand the case to the state court for lack of subject matter jurisdiction, strike Clark Pear's Amended Supplementary Removal (Dkt. 20) as being non-compliant with the Show Cause Order, award MVP its attorney's fees and costs, and grant all other relief requested herein and available under law as a result of the Plaintiff's improper removal to the Federal Courts.

**B. <u>MOTION FOR AN ORDER TO SHOW CAUSE</u>**

During the pendency of this Federal action the Plaintiff has filed numerous documents and cited numerous cases along the way. It came to the undersigned's attention that some of these cases may not be legitimate cases and/or the holdings that are being conveyed through Clark Pear LLC's filings are not the actual holdings of the case.

Furthermore, the undersigned has reasons to believe that Mr. Clark Pear, the Manager of Clark Pear LLC, is actually drafting the documents that are being filed with this Court and Mr. Thomas Neusom, Clark Pear LLC's attorney, is just

affixing his signature to the document without actually researching the information placed within the document. This is based upon the comparison of the filings in some of Mr. Pear's other litigation actions wherein Mr. Pear is a pro se party.

The extent of the false cases or false case law is evident by the following fillings and cases contained within the Federal action:

1. *Plaintiff's Motion for Summary Judgment under Federal Rule 56* (Dkt. 14).
    a. *Trilogy Communications, Inc. v. Times Fiber Communications Inc.* (3d Cir. 2007). Plaintiff claims "*the court granted summary judgment on a breach of contract because the Defendant failed to provide any evidence to rebut the plaintiff's evidence of breach*". (Dkt. 14 at 3). A quick review of this case reveals this case was involving a patent infringement issue. In the Trilogy case, the United States District Court for the Southern District of Mississippi granted summary judgment in favor Times Fiber Communications and refused to permit entry of Trilogy's experts report into evidence. The Appeals Court determined that (1) the patents were not infringed, (2) the district court acted within its discretion in striking Trilogy's expert report and affidavit for failure to comply with scheduling order and (3) the Appeals court lacked jurisdiction over the district courts refusal to grant Trilogy's summary judgment on their counterclaims. Despite the Plaintiff's representations within its Motion for Summary Judgment, the Trilogy case does not discuss a breach of contract issue.
2. *Clark Pear, LLC Amended Supplementary Removal* (Dkt. 20)
    a. *Southern Specialties, Inc. v. Pulido Produce, Inc.* The undersigned has done a thorough search for this case through Westlaw, LexisNexis and a simple google search and was unable to locate a case with that name in the State of Florida.

Moreover, it has become apparent that there are numerous cases cited in the State Action which are also either fabricated cases or the purported holdings of the cases are not accurate. These pleadings and motions have been also filed in this Federal action by the Plaintiff. These cases and their motions are as follows:

1.  *Clark Pear LLC Opposition and Response to Motion to Dismiss Count III Against MVP Plaintiff, Clark Pear LLC files its opposition and response to, Motion to Dismiss Count III Against MVP* (State Court; Dkt. 39, May 7, 2023)

    a.  *Goldman v Weinberg* 475 So.2d 946 (Fla. 3d DCA 1985). The citation provided is actually for *Spain v. State* 475 So. 2d 946 (Fla. 4th DCA 1985) which is a criminal matter and does not discuss a motion to dismiss for failure to state a cause of action. Moreover, the undersigned has not been able to locate a case titled *Goldman v. Weinberg* in the State of Florida. The undersigned has used Westlaw, LexisNexis, and a simple Google search and the only case that appears is out of the Supreme Court of the United States titled *Goldman v. Weinberg* but that case examined the first amendment challenges to military regulations.

    b.  *Suncoast Roofers Supply v Campbell* 107 So.3d 83 (Fla. 2012). Upon further review, this citation does not match this case at all. Moreover, the undersigned has been unable to locate any case with that name in the Florida Supreme Court.

    c.  *K.E.P. v T.L.P* 767 So.2d 1023 (Florida). Upon further review, this citation does not match this case at all. Moreover, the undersigned has been unable to locate any case with that name in the Florida Supreme Court.

    d.  *Brady v Standard Guaranty Insurance Co.* 752 So.2d 1221 (Fla. 2000) Upon further review, this citation does not match this case at all. Moreover, the undersigned has been unable to locate any case with that name in the Florida Supreme Court.

e.   *Island Walk at Naples v Bunn* 888 So.2d 804 (Fla. 2d DCA 2004). Upon further review, the citation given is for a case out of the Supreme Court of Louisiana. Moreover, the undersigned has been unable to locate any case in the State of Florida with the same title.

f.   *Bunkley v State* 810 So.2d 717 (Fla. 2002) Upon further review, this citation does not match this case at all. Moreover, the undersigned has been unable to locate any case with that name in the Florida Supreme Court.

g.   *D'anza v State* 892 So.2d 828 (Fla. 2005) Upon further review, this citation does not match this case at all. Moreover, the undersigned has been unable to locate any case with that name in the Florida Supreme Court.

h.   *Fox v Sunbank Miami, N.A.* 714 So.2d 73 (Fla. 3d DCA 1998) Upon further review, this citation does not match this case at all. Moreover, the undersigned has been unable to locate any case with that name in the Florida District Court of Appeals for the Third Circuit.

i.   *M.D. v G.L.* 589 So. 2d 839 (Fla. 3d DCA 1991) Upon further review, this citation does not match this case at all. Moreover, the undersigned has been unable to locate any case with that name in the Florida District Court of Appeals for the Third Circuit.

j.   *Wollard v. Lloyd's and Companies of Lloyd's* 439 So. 2d 217(Fla. 1983) and states the Court found the verification requirement imposed an unfair burden on plaintiffs and that it did not serve a legitimate purpose. However, this is completely inaccurate as the Wollard case construed the Florida Statute §627.428 to authorize an award of fees when an insurer voluntarily pays the insured claim before a judgment is rendered. The Wollard case never examined the verification requirement as alleged in the response.

2.   *Clark Pear LLC's Motion for Rehearing* (State Court; Dkt. 64, May 19, 2023)

a.  *Graham v Burnette* 449 So.2d 882 (Fla. 1984). Here the Plaintiff does an extensive case brief on this purported case. However, upon further review, this case does not exist nor has there been a case with that name, in the Florida Supreme Court in 1984.

b.  *Del Monte Fresh Produce Co. v Del Monte Gourmet Foods* 932 So.2d 559 (Fla. 5th DCA 2006). Upon further review, the undersigned has been unable to locate a case with this name and the citation is not valid.

c.  *Hayes v Department of Business and Professional Regulation* 944 So.2d 180 (Fla. 2006) There is a Division of Administrative Hearings from March 27, 1995. However, this case was not sent up to the Supreme Court as Plaintiff has stated. The undersigned was unable to locate this case in the Supreme Court of Florida's records nor is the citation a valid citation as the citation provided is actually for the case styled *Rollings v. State*.

d.  *Seminole Boatyard v Clean Environment Co* 715 So. 2d 929 (Fla. 1998). The undersigned has been unable to locate a case with this name or using the citation provided. The undersigned did locate *Seminole Boatyard Inc. v. Christoph* 715 So. 2d 987, however this case looked at the alter ego theory and does not evaluate economic or noneconomic damages as the Plaintiff tries to argue.

e.  *Adler v Duval County* 206 So.2d 583 (Fla. 3d DCA 2016). While the undersigned was able to locate a case styled *Adler v. Duvual County*, the citation provided is not accurate and the case the undersigned located does not look at economic or noneconomic losses in a breach of contract as the case found discusses whether a school's policy violates the Establishment Clause.

f.  *MIG Sunstate, Inc. v Ocean Bank* 919 So.2d 583 (Fla. 3d DCA 2006) Upon further review, the undersigned has been unable to locate a case with this name and the citation is not valid.

g. *Diaz v Home Depot USA* 164 So.3d 892 (Fla. 3d DCA 2015). Upon further review of this case, the undersigned was able to locate a case styled *Diaz v. Home Depot USA*, but this case has a different citation and does not discuss a Seminole Boatyard case as the Plaintiff tries to argue. In fact, this case looks at whether the trial court's dismissal of the action over the Plaintiff's fraud on the court was warranted. Moreover, the citation provided for this case is not a valid citation.

3. Clark Pear LLC's *2nd Amended Complaint* (State Court; Dkt. 69, May 26, 2023)

   a. Fla. Stat. §672.301 is completely misstated in the *2nd Amended Complaint*. Fla. Stat. §672.301 actually states: "*The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract.*" The statute cited by the Plaintiff is not the correct statute.

   b. *Graham v Burnette* Upon review, this case does not exist nor has there been a case with that name, in the Florida Court System.

4. *Plaintiff's Response to Motion to Dismiss or Strike 2nd Amended Complaint* (State Court; Dkt. 73, May 26, 2023)

   a. Fla. Stat. §672.301 is completely mis-stated in the *2nd Amended Complaint*. Fla. Stat. §672.301 states: "*The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract.*"

   b. *Baptist Health South Florida, Inc. v. North American Capacity Insurance Company* (Fla. 2003) The undersigned has been unable to locate a case styled with the same name in the Supreme Court of Florida.

   c. *Goldman v Weinberg* 475 So.2d 946 (Fla. 3d DCA 1985). The citation provided is actually for *Spain v. State* 475 So. 2d 946 (Fla. 4th DCA 1985) which is a criminal matter and does not discuss a motion to dismiss for failure to state a cause of action. Moreover, the undersigned has not been able to locate a case titled *Goldman v. Weinberg* in the State of Florida. The undersigned has used Westlaw, LexisNexis, and a simple Google search and the only case that appears is out of the

      Supreme Court of the United States titled *Goldman v. Weinberg* but that case examined the first amendment challenges to military regulations.

d.    *State Farm Mutual Auto Ins. Co. v. Nichols,* 932 So. 2d 1067 (Fla. 2d DCA 2006). After further review of this case, this case actually originated out of Florida's 5th DCA and then moved up to the Supreme Court. However, this case was appealed from a jury verdict and the Supreme Court was reviewing offer of judgment statutes as it relates to PIP benefits. The case holding being portrayed by the Plaintiff is false.

e.    *Gagnon v Scarpelli* 625 So.2d 947 (Fla. 1993). After further review of this case, *Gagnon v. Scarpelli* is a Supreme Court case wherein the Supreme Court was presented with questions regarding whether a previously sentenced probationer was entitled to a hearing when his probation is revoked and, if so, whether he is entitled to be represented by appointed counsel at such hearing. This case did not discuss any sort of breach of contract. Furthermore, the citation provided is not a proper citation and the undersigned has been unable to locate a case with that name in the State of Florida in 1993.

f.    *Henningsen v Merrill Lynch Pierce Fenner and Smith* 768 So.2d 1016 (Fla. 4 DCA 2000). The undersigned has been unable to locate a case styled with the same name in the State of Florida.

k.    *K.E.P. v T.L.P* 767 So.2d 1023 (Fla. 4 DCA 2000). Upon further review, this citation does not match this case at all. Moreover, the undersigned has been unable to locate any case with that name in the Florida Court System or in the 4th District Court of Appeals for the State of Florida.

As evident by the above motions and pleadings, the Plaintiff in this matter has filed fabricated case law in an effort to bolster their position, persuade the tribunal, and to gain an advantage over the Defendant.

The Defendant's counsel has brought this information to the Plaintiff's counsel's attention and requested the Plaintiff's counsel provide the Defendant's counsel with all of his case law. To date though, the Plaintiff's counsel has not produced the requested information.

The issues associated with such matters and the Court's authority to conduct an inquiry into the same and sanction such conduct is illustrated in <u>Mata v. Avianca, Inc.</u>, 1:22-cv-01461-PKC, D.E. 54, 2023 WL 4114965 (S.D.N.Y. June 22, 2023), a true and accurate copy of which is attached hereto as **Exhibit 9**. In <u>Mata v. Avianca</u>, Judge Castel sanctioned attorneys for such similar conduct under Rule 11, or, alternatively, the court's inherent authority. Moreover, Judge Castel provided a concise analysis on the importance of attorneys' obligations to ensure accuracy of their filing, the harm caused to the profession and the judicial system itself, and stated:

> Many harms flow from the submission of fake opinions. The opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial

system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity. Mata v. Avianca, Inc., 1:22-cv-01461-PKC, D.E. 54 at 1-2.

As a result of the Plaintiff's shocking conduct, Defendant requests that this Court issue an Order to Show Cause as to why the Plaintiff's counsel should not be sanctioned for citing to fabricated case law in an effort to bolster his client's position to the detriment of the Defendant.

**WHEREFORE**, the Defendant, MVP Realty Associates, LLC, respectfully requests that this Court (1) enter an order remanding the case to the State Court; (2) award the Defendant its attorneys fees and costs for having to defend the improper removal; (3) issue an order to show cause as to why the Plaintiff's Counsel should not be sanctioned for reasons set forth herein; (4) any other relief this Court deems just and proper.

## LOCAL RULE 3.01(G) CERTIFICATION

Undersigned counsel hereby certifies that prior to filing this motion, undersigned counsel for Defendant MVP Realty Associates, LLC attempted to confer with Plaintiff's counsel Plaintiff conferred with Defendant, Clark Pear through his counsel, and Defendant objects to and opposes the relief requested in this Motion as evidenced by the Plaintiff's reply "Your [sic] wrong" in response to the email inquiry of the undersigned, a true and correct copy of which is attached hereto as **Exhibit 10**.

Respectfully submitted,

**NJ LAW PLLC**
*Counsel for MVP Realty Associates, LLC*
3411 Tamiami Trail N., Ste. 100
Naples, FL 34103
Tel: (239) 920-5228 / Fax: (239) 920-5289

By: */s/ Nabil Joseph*
NABIL JOSEPH
Florida Bar Number: 1012159
Primary: nabil@njlawflorida.com
Service Email: service@njlawflorida.com
DANIELLE CROWLEY
Florida Bar Number: 1037776
Primary: danielle@njlawflorida.com
Service Email: service-dc@njlawflorida.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed electronically via the CM/ECF system on August 7, 2023, with notice of same being electronically served by the Court to all attorneys of record.

By: */s/ Nabil Joseph*
NABIL JOSEPH