UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLARK PEAR, LLC,

    Plaintiff,

v.
                                                Case No.: 2:23-cv-503-JLB-NPM

MVP REALTY ASSOCIATES, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Plaintiff's "Motion for Rehearing Pursuant to Rule 60, and Opposition and Objection to Remand" (Doc. 31) and its "Rule 72 Objection to Order Remanding this Action and Short and Plain Statement Suing MVP Realty and Associates for Violation of Constitutional Procedural Due Proces[s], Civil RICO Violations, and Breach of Contract" (Doc. 33), which, together, the Court construes as objections to the Magistrate Judge's orders (i) remanding this matter to the state court because this Court lacks subject matter jurisdiction to resolve this matter (Doc. 25) (the "Remand Order"); and (ii) denying as moot Defendant's motion to remand (Doc. 22) and referring attorney Thomas Grant Neusom to the Court's grievance committee for investigation of unprofessional conduct for, among other things, citing fabricated authorities (Doc. 26) (the "Grievance Committee Order").  Plaintiff's objections raise a litany of arguments, many of which are entirely meritless and none of which the Court finds persuasive.

1

Accordingly, after an independent review of the record, the Court **OVERRULES** the objection.

## PROCEDURAL BACKGROUND

On July 7, 2023, Clark Pear filed a Notice of Removal, stating that "[t]here are numerous federal questions, but the primary one is the Constitutionality of Florida Statute 57.105." (Doc. 1 at 1). On July 24, 2023, the Magistrate Judge entered an Order to Show Cause, directing Clark Pear to file either a voluntary notice of remand or a supplemental notice of removal showing cause why the Court has jurisdiction. (Doc. 18 at 3). The Order to Show Cause pointed out numerous deficiencies with the removal. (*Id.* at 2–3). On August 1, 2023, Clark Pear filed a response to the Order to Show Cause, stating that "numerous federal questions arose" during the pendency of the state court case, and specifically that a claim was made against Clark Pear under Florida Statue 57.105. (Doc. 20 at 1–2). On August 10, 2023, the Magistrate Judge entered the Remand Order, remanding this matter to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida due to lack of subject matter jurisdiction. (Doc. 25). The Magistrate Judge also entered the Grievance Committee Order, denying the motion to remand without prejudice and referring attorney Thomas Grant Neusom to the Court's grievance committee for investigation of unprofessional conduct because of, among other things, a colorable showing that he had cited fabricated authorities. (Doc. 26 (citing Doc. 22 at 15)). Plaintiff filed the instant objections on August 17, 2023 and August 24, 2023 (Docs. 31, 33).

## LEGAL STANDARD

Generally, a magistrate judge may resolve any non-dispositive pretrial matter through a written order. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). If a party raises a timely objection, the district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Dispositive matters require a district judge to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2). In any event, the objection is due to be overruled regardless of whether the Court reviews the subject orders de novo or for clear error.

## DISCUSSION

I. **The objection to the Grievance Committee Order is due to be overruled.**

Plaintiff's sole argument in support of his objection to the Grievance Committee Order is that "[t]he Motion to Remand is procedurally incorrect, in that it claims pleadings from months ago are fabricated" and that "[t]o bring this up now is nearly fraudulent and is an attempt to waste Plaintiff's time." (Doc. 31 at 3). First, the Grievance Committee Order denied Defendant's motion to remand as moot because the Magistrate Judge had already remanded the case. (*See* Docs. 25, 26). Thus, to the extent that Plaintiff argues that the case should not be remanded because Defendant's arguments in its motion were untimely, that objection is overruled because the Magistrate Judge did not grant the motion, instead remanding for lack of subject matter jurisdiction based on Plaintiff's response to the Order to Show Cause. (*See* Docs. 18, 25).

Moreover, with respect to the referral to the Grievance Committee, The Local Rules for the Middle District of Florida provide that "[a] judge . . . can initiate an investigation of alleged lawyer misconduct." M.D. Fla. L.R. 2.04(c)(4). Plaintiff does not cite any source setting a time limit for when such investigation may be initiated and the Court is unaware of any such source. Accordingly, the objection to the Grievance Committee Order is overruled.

II. **No federal-question or subject matter jurisdiction existed at the time of removal; thus this case must be remanded to state court.**

Federal courts are courts of limited jurisdiction. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). And "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (citations omitted). "We construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party . . . ." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

First, Plaintiff seems to argue that the Court has federal-question jurisdiction because during the state court litigation, Defendant asserted a claim under Florida Statute section 57.105 and Plaintiff believes that statute is unconstitutional. *See* Doc. 33 at 4. But "[t]he federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint and not from a defense or anticipated defense." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001). Here, Plaintiff's Complaint sounded in breach of

4

contract. (*See* Docs. 1, 5, 12). There was no federal question on the face of the original complaint that was removed.

In its objection to the Remand Order, Plaintiff seems to now seek to add a RICO claim, but even if Plaintiff had properly filed an amended complaint (which it did not), "[t]he existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295–96 (11th Cir. 2008) (citation omitted); *see also Marzella v. Sprint-Florida, Inc.*, 2006 WL 5042031, at *1 ("At the time of removal, there was no federal question presented in the only complaint properly filed in state court. Until and unless the motion to amend was granted by the state court, the Notice of Removal was premature. Since the federal court had no jurisdiction at time of the Notice of Removal, the case must be remanded to state court.").

Moreover, for what seems to be the first time, Plaintiff claims that diversity jurisdiction exists because "[c]ounsel for Pear is from California, and moved to Florida, in 2015, but first came to the state many years ago with his father, but he still has an expired California Drivers License" and "[t]hat's arguably a different state for one of the parties." (Doc. 33 at 5). The Court is frankly perplexed by the addition of this argument. First and foremost, Plaintiff's counsel is not a party to this action. And even if the attorney were a party to this action, Plaintiff admits that he is not domiciled in California. *See Maier v. Green Eyes USA, Inc.*, 845 F. App'x 869, 876 (11th Cir. 2021) ("Citizenship is equivalent to domicile for purposes

5

of diversity jurisdiction. And domicile requires both residence in a state and intention to remain there indefinitely.").

Because no federal-question or diversity jurisdiction existed at the time of removal, this case is due to be remanded.

## CONCLUSION

For the reasons set forth above, Plaintiff's objections (Docs. 31, 33) to the Remand Order (Doc. 25) and the Grievance Committee Order (Doc. 26) are **OVERRULED**. Accordingly, this action is remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida. The Clerk of Court is **DIRECTED** to terminate any motions and scheduled events, transmit a certified copy of this order to the Collier County, Florida, Clerk of Court, and close the case.

**ORDERED** at Fort Myers, Florida on November 6, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE